(No. 426—Decided August 2, 1971.)

Mr. *John W. Wurts*, for appellant.
Mr. *Stanley M. Chesley*, for appellee.

Hess, P. J. This is an appeal from an order of the Court of Common Pleas, Clermont County, reducing to judgment delinquent payments for support of children and certain accumulated debts and alimony in a divorce action. Herein, the parties will be referred to as they appeared in the trial court.

On October 11, 1961, plaintiff, Wilma Sexton, filed a petition for divorce against her husband, Sidney Sexton, defendant, wherein the plaintiff sought a divorce, custody and support of their three minor children, a distribution of jointly owned property, alimony, and expenses incident to this divorce action. An answer denying the plaintiff's grounds for divorce was filed on December 26, 1961, and on April 17, 1962, the defendant filed an answer and cross-petition.

After many motions had been heard and determined, there was a hearing on July 13, 1962, on the merits of the divorce action. The matter was submitted on the pleadings and evidence. On August 4, 1962, the court dismissed the cross-petition of the defendant and entered a decree of divorce in favor of the plaintiff. In the decree, the defendant was ordered to "pay bills accumulated during the term of

this marriage in the sum of $1,430 at the rate of no less than $21 per week, and that the defendant shall use the sum of $30 per week as and for his necessary expenses for room, food, clothing, and transportation."

The decree further ordered that the "custody of the children of the parties shall be awarded to the Clermont County Child Welfare Department, placing said children in such home as it deems proper for the rearing of the children"; that "said welfare department of Clermont County, Ohio, may place the children with the plaintiff if such placement is deemed proper."

The decree further provided that "the defendant pay the sum of $45 per week for the support and maintenance of the three children which shall be paid through the clerk of courts of Clermont County, Ohio, for transmissal by proper allocation of such to whomever the said children are making their home." The court further ordered the "defendant to pay the sum of $56 per week for the support of the three children as soon as the back bills in the sum of $1,430 have been paid."

The decree also includes the provision that "should the defendant obtain an increase in his take home pay or earn money by outside employment, he shall increase the payments for the children in such amount that they are adequately maintained and supported."

After making a disposition of an automobile owned by the plaintiff, one owned by the defendant, a certain freezer, and a suggestion concerning the disposition of real estate jointly owned by the parties, the decree recites that "all provisions made herein both for the support and custody of the children shall continue until said children attain the age of eighteen years respectively or until further order of the court."

From the date of the decree until December 16, 1969, the record is replete with motions of attorneys to withdraw as counsel, contempt proceedings and other sundry filings. On October 8, 1965, and on October 19, 1966, and the plaintiff filed motions suggesting the delinquency of the child support payments and requesting that defendant make payments as required in the divorce decree. The record

of the proceedings fails to show any entries concerning these motions.

Finally, on December 16, 1969, plaintiff filed a motion to require the defendant to show cause why he should not be held in contempt for failure to comply with the decree of divorce; requesting that a mathematical determination be made of the arrearage owed by the defendant; asking that a lump sum judgment be granted this plaintiff for such arrearage; and, requesting that the court determine whether or not the Clermont County Welfare Department has any interest in such judgment.

This motion came on to be heard on February 11, 1970, and, after hearing the evidence, the trial court rendered a decision on October 5, 1970, which was the basis for a judgment entry journalized on November 3, 1970, and which reads as follows:

"This cause came on to be heard on the Motion of the plaintiff for lump sum judgment for arrearage and also for continued proceedings. Upon hearing and presentation of evidence, memoranda, and arguments of counsel, the court finds as follows:

"That the Plaintiff receive from the welfare department of Clermont County support in addition to any moneys being paid by defendant;

"Furthermore, the court finds that the oldest child, Gary, was married on January 10, 1970, and no longer resides with the plaintiff, nor is she responsible for his support.

"The court further finds from the evidence that plaintiff received a combination of support from both the welfare department and defendant, so that she received the same amount of support as she would have received had the defendant paid the full amount of $45 a week, and therefore the court finds that from the period up to 1970, and therefore since plaintiff did not suffer any losses the court finds from the evidence that the Application for Lump Sum Judgment for the period of time that plaintiff was on welfare will be denied.

"The court further finds from reviewing the support bureau that up to the time of the hearing on September 16,

1970, defendant paid $764. The court finds that based upon the order of $45 a week, there would be a deficit of something over $900. The court further finds that there should be some adjustment made from the fact that the oldest son, as mentioned hereinabove, has married, so the court finds as follows: That the first week of 1970 the amount owing to the plaintiff would be $45; the second week in which she had partly the support, would be $40 and the following 36 weeks will be at $35 a week, or a total of $1,260. The court finds that the total amount due under this formula would be $1,345, and, substracting the amount paid of $764.00, the court finds that there will be an amount due to the plaintiff by the defendant of $581, and a lump sum judgment is hereby awarded to the plaintiff for this amount.

"IT IS FURTHER ORDERED that until the further order of this court the agreed payments shall be continued in the sum of $35 per week."

It is from this judgment entry that this appeal is taken.

The plaintiff presents four assignments of error: (1) That there was a lack of diligence on behalf of plaintiff's counsel; (2) that the court improperly applied the law in entering a lump sum judgment modifying the previous order of the court; (3) that the judgment is manifestly against the weight of the evidence; and (4) any and all other errors occurring at the trial of this cause and apparent upon the face of the record.

We will first consider the second assignment of error relative to the lump sum judgment. The evidence presented at the hearing for a lump sum judgment discloses that for a portion of the time from the date of the divorce decree to the November 3, 1970, judgment entry, plaintiff was the recipient of funds from the Clermont County welfare department and that the amount of welfare funds given to the plaintiff was the amount required for support of the plaintiff and her children less any sums paid by the defendant for support of the children.

In the divorce decree, the court ordered the defendant to pay the sum of $45 per week for the support and maintenance of the three children and such was to be paid

through the clerk of courts of Clermont County, for transmittal by proper allocation of such sum to whomever provided a home for the children. The children made their home with the plaintiff at all times herein mentioned.

The decree further ordered the defendant to pay $56 per week for the support of the three children as soon as the back bills in the sum of $1,430 were paid. There is nothing in the record to indicate that the back bills were paid by the defendant. The decree further provided that should the defendant obtain an increase in his take home pay or earn money by outside employment, he should increase the payments in such amount that they (the children) were adequately maintained and supported. There is no evidence in the record that defendant's earnings were increased.

Much of the evidence presented on the motion for a lump sum judgment is devoted to the action of the welfare department of Clermont County in providing the plaintiff and her three children as a family unit with support.

The defendant contends that his failure to pay the support installments as stipulated in the decree for divorce did not cause any loss to the plaintiff or the children of the parties. He maintains that, regardless of the sums paid by him, the welfare department supplemented his payments with sufficient funds to provide for the adequate support of plaintiff and the children.

It is obvious from the decision or findings by the trial court that there was much consideration given to the action of the welfare department in providing support for the children for which credit was given the defendant. In its decision the court wrote:

"These three children, along with other children of the plaintiff were being supported by the Welfare Department of Clermont County, and at the hearing there was some evidence that there was an agreement between all the parties in connection with the representatives of the Welfare Department and the attorneys for both sides that the support payments should be reduced to $20 per week, and that basically is the amount that has been paid. The court feels, however, that the testimony as to an actual agree-

ment was very inconclusive and not supported by any substantial evidence. The important part, however, is that the representative of the Welfare Department was in Court and testified that the plaintiff's children were under full relief and that any payments made by the father were placed in the welfare fund and whether or not the support payments by the father were $45 per week or $20 per week or actually nothing per week, the amount of money that the plaintiff would receive for the support of her children would not vary.''

The court further found that it ''would not be proper * * * to enter a judgment against the defendant for a substantial amount of money to be paid to the mother where she had already received from the welfare department the support of the children.''

In its decision, in determining the amount of a lump sum judgment, the court failed to consider that it had granted a judgment in the divorce decree for each payment required, but not paid by the defendant.

The court was without jurisdiction to modify the amounts to be paid as required by its judgment in the divorce decree. The court has jurisdiction to hear a request for modification, but only as it applies to payments in the future. Due and unpaid installments allowed by the court for the support of a minor child may not be modified. *McPherson* v. *McPherson,* 153 Ohio St. 82. The power of modification of installment support payments is restricted to future installments. *Corbett* v. *Corbett,* 123 Ohio St. 76.

The amount of past due delinquent installments remaining due on an installment child support order or judgment is fixed and unalterable on the date the last installment payment becomes due and owing, and at that time the payee of the installment support order or judgment has an absolute right to have all past due and delinquent installment payments reduced to a lump sum judgment. *Smith* v. *Smith,* 168 Ohio St. 447.

In the instant case, it was the duty of the court to determine and reduce to a lump sum judgment the difference between the total sum of money the defendant was re-

quired to pay in the decree of divorce and the total sum paid by him. Credit does not accrue to the defendant for support provided by the welfare department.

In relation to assignment of error No. 1, the record fails to support the lack of diligence on behalf of plaintiff's counsel.

Assignment of error No. 3 is fully covered in our consideration of assignment of error No. 2, which finds that the evidence fails to support the judgment of the trial court.

Assignment of error No. 4 fails to designate and brief other errors referred to and, therefore, is not subject to consideration.

The lump sum judgment dated November 3, 1970, is reversed and this cause is remanded to the Court of Common Pleas, Clermont County, for further proceedings according to law.

*Judgment reversed.*

YOUNG and SHANNON, JJ., concur.