GILFORD, APPELLEE, *v.* WURSTER, EXR., APPELLANT.

(No. 3454—Decided August 17, 1983.)

*Daniel P. Batista,* for appellee.
*Andrew R. Morse,* for appellant.

BAIRD, J. Rebecca K. and Saul R. Gilford were divorced on June 18, 1976. The divorce decree incorporated the parties' separation agreement. The agreement made various provisions for the Gilfords' daughter, Hilary. Saul Gilford died on November 17, 1979, and Rebecca Gilford filed a claim against his estate for the support provided in the decree. The executor, defendant in this action, rejected the claim. Rebecca then brought an action on the rejected claim in the court of common pleas, and the court ordered the executor to pay the medical expenses, educational expenses, and support payments provided in the agreement. The executor appeals.

Assignment of Error I

"The trial court erred in ordering the estate of Saul R. Gilford to pay the decedent's future support obligations, since the separation agreement lacks specificity, and since the minor has received social security benefits and sufficient inheritance to establish her economic independence.

"A. The separation agreement lacks the requisite specific terms and conditions to affirmatively and explicitly bind the estate.

"B. The payment of social security benefits obviates the estate's obligation to make the child support payments.

"C. Hilary's receipt of $1.25 million, as partial distribution from the estate, demands a termination of the estate's obligation to pay child support."

This is not an appeal from a motion to modify or terminate the support orders in the domestic relations court. The question of whether Hilary's inheritance is a change of circumstances sufficient to warrant a modification of the support order is not properly before us. Our issue is whether the obligations set out in the support order survive Saul Gilford's death.

A parent may agree to extend his or her obligation to support a child beyond the parent's death, in which case the support obligation becomes a charge against the estate. *Nott* v. *Chester* (App. 1961), 88 Ohio Law Abs. 549; *Billow* v. *Billow* (1953), 97 Ohio App. 277 [56 O.O. 80]; *Platt* v. *Davies* (1947), 82 Ohio App. 182 [37 O.O. 533]; 59 American Jurisprudence 2d (1971) 159, Parent and Child, Section 68; 27B Corpus Juris Secundum (1959) 722, 729, Divorce, Section 323; and 41 Ohio Jurisprudence 2d (1960) 353, Parent and Child, Section 39.

The divorce decree unqualifiedly provides that Saul Gilford's weekly support payments shall continue until

Hilary reaches twenty-one years of age and concludes:

"* * * This agreement shall be binding upon the parties hereto and their respective property, estates, heirs, executors, administrators, successors and assigns."

We find this language sufficient to charge the decedent's estate with the support obligations imposed in the decree. Since the support obligation is a claim against the estate, which takes priority over distribution to the heirs, the payment of the support obligations does not alter any rights of inheritance.

Hilary is currently receiving support payments in the form of social security benefits. We believe that these payments should be credited to the support payments charged against the estate. In a previous case, where social security disability benefits were accepted as satisfaction of a support obligation, we found:

"The payment of the social security benefit * * * arises by reason of the defendant's employment, for which he paid the remuneration due the Social Security Administration. Its purpose is to provide support for minor children when the parent is disabled. To decide otherwise would defeat the purpose of the social security benefit and provide a windfall to the custodian (mother) based upon the misfortune of defendant's disability, * * *." *Cocciolone* v. *Cocciolone* (Nov. 13, 1975), Summit App. No. 7857, unreported, at page 3.

Plaintiff would have us distinguish between disability and death benefits. As we noted in a case involving social security retirement benefits, the purpose of the support award is to benefit the child; the source is of no importance. *Curnutte* v. *Delarino* (Sept. 3, 1980), Lorain App. No. 2974, unreported. In this case the purpose is accomplished through social security death benefits, and these payments should be credited against the support obligations.

## Assignment of Error II

"The trial court erred in ordering the estate of Saul R. Gilford to pay for Hilary's present secondary school expenses and future college expenses."

The separation agreement specifically requires Saul Gilford to pay educational costs at an accredited private secondary school and college, mutually agreed upon by the parties to the agreement. As noted in Assignment of Error No. I, this provision survives Saul Gilford's death. Defendant argues that the provision is unenforceable because Saul Gilford cannot consent. The separation agreement has merged with the decree of the court, and the court which enters a decree for child support has full power to enforce its decree and retains jurisdiction over all matters of custody and child support. *Horvath* v. *Horvath* (Nov. 17, 1982), Summit App. No. 10741, unreported. In Lorain County this authority is committed to the domestic relations division. R.C. 2301.03(C). While the court was correct, therefore, in finding that the education provision of the decree created a charge against the estate, the enforceability of that decree lies within the jurisdiction of the domestic relations division. We, accordingly, reverse that portion of the order which substitutes the executor's consent for that of Saul Gilford and which makes the general division of the common pleas court the final arbiter of Hilary's educational choice.

## Assignment of Error III

"The trial court erred in ordering the estate of Saul R. Gilford to pay for Hilary's medical and dental expenses."

Based on our discussion in Assignment of Error No. I, we conclude that this obligation survives Saul Gilford's death, and overrule this assignment of error.

## Summary

We modify the trial court's order to reflect a credit for Hilary's social securi-

ty benefits and reverse that portion of the court's order pertaining to the educational provision which substitutes the consent of the executor for that of Saul Gilford and designates the trial court as the final arbiter of Hilary's college choice. As modified, we affirm the decision of the trial court.

*Judgment accordingly.*

QUILLIN, P.J., and GEORGE, J., concur.