PRIDE, APPELLANT, *v.*
NOLAN, APPELLEE.

(No. C-860102 — Decided
January 14, 1987.)

*Bauer, Morelli & Heyd Co., L.P.A.,*
*Charles G. Heyd* and *John M. Isidos,* for
appellant Patricia (Nolan) Pride.

*Michael J. Wiethe,* for appellee Robert Nolan.

*Per Curiam.* This cause came on to be heard upon the appeal from the Court of Common Pleas of Hamilton County.[1]

The parties were divorced by decree entered March 15, 1966. Appellee husband was ordered to pay $30 per week support for the parties' two minor children. In 1975, the support order was increased to $35 per week. Appellee lost his job in 1975, thereafter failing to pay support. On April 26, 1978, appellee suffered a heart attack which left him permanently disabled. He was awarded permanent social security disability benefits. As a result of appellee's disability, on November 1, 1978 the parties' children began receiving social security benefits. The children became emancipated on January 16, 1980 and March 18, 1984, respectively.

On July 25, 1985, appellant wife filed a motion to reduce the support arrearage which had accrued to a lump sum judgment. Following a hearing, the referee awarded appellant a lump sum judgment of $7,689.80, the total arrearage of $12,415 less $4,725.20 which the children received in social security benefits due to appellee's disability. Both parties filed objections to the referee's report. Appellee pointed out that the referee's report erroneously stated the parties stipulated that appellee had paid no support after March 2, 1975 when in fact, appellee had paid $1,985 in support after that date. The trial court overruled appellant's objections and sustained appellee's objections to the report of the referee. The court granted appellant a lump sum judgment of $5,704.80, the arrearage which the referee found to be $12,415, less social security payments of $4,725.20 and less $1,985 in support

---

[1] This court has *sua sponte* removed this case from the court's accelerated calendar and placed it on the court's regular calendar.

payments which the court found appellee had made after March 2, 1975, which support payments the referee had erroneously failed to credit to appellee. Appellant timely appealed.

Appellant's first assignment of error alleges:

"The trial court erred in granting a retroactive reduction of a child support order."

Appellant argues under her first assignment of error that the trial court erred in reducing the arrearage by $4,725.20, the amount of the social security payments made to the children, as the court's action amounted to an impermissible retroactive modification of a child support order. Appellant argues that the case *sub judice* is controlled by this court's decision in *Sexton* v. *Sexton* (1971), 32 Ohio App. 2d 344, 61 O.O. 2d 514, 291 N.E. 2d 542, wherein this court held, citing *McPherson* v. *McPherson* (1950), 153 Ohio St. 82, 41 O.O. 151, 90 N.E. 2d 675, that a trial court does not have jurisdiction to retroactively modify child support arrearages due and owing unless such authority is expressly reserved in the decree of divorce. We disagree.

In *Sexton,* the defendant husband was ordered to pay $45 per week for the support of three minor children. He failed to make the payments; consequently, an arrearage accrued. During the period that defendant failed to pay support, plaintiff was receiving welfare benefits. Plaintiff wife filed a motion to reduce the arrearage to a lump sum judgment. The trial court ordered the amount of the lump sum judgment reduced by the amount of the welfare benefits. This court reversed the decision of the trial court holding that no credit could accrue to defendant for the payments provided by the welfare department. *Sexton,* which involved welfare payments made to the wife for the support of the children based upon their economic situation, is clearly distin-guishable from the case *sub judice.* In the instant case, the children received the social security benefits, based upon the disability of their father, as a substitute for the wages which appellee would have earned had he been able to work.

Appellant urges this court to adopt the holding of the Court of Appeals for the Ninth District in *Webb* v. *Webb* (Feb. 6, 1985), Summit App. No. 11772, unreported. In *Webb,* the decree of divorce required defendant husband to pay plaintiff wife $215 per month as combined alimony and child support. Plaintiff began receiving social security benefits as a result of defendant's medical retirement in 1978. The combined benefits were $679 per month. On June 29, 1979, defendant stopped making support payments. Plaintiff wife filed a motion for the arrearage. Defendant husband filed a motion requesting a judgment against plaintiff for payments he made while she was receiving the social security benefits. He further requested a modification of his support payments. The referee held that defendant was justified in discontinuing the support payments and refused to grant plaintiff a judgment for arrearages. Further, the referee determined that defendant was not entitled to a judgment for the amount of money he paid to plaintiff while she was receiving social security benefits. The trial court did not adopt the referee's report. The court granted plaintiff a judgment for arrearages of $6,175 for child support and $6,172 for alimony. The court further ordered all future child support and alimony payments to cease. Defendant appealed. The Ninth District Court of Appeals, citing *Fuller* v. *Fuller* (1976), 49 Ohio App. 2d 223, 3 O.O. 3d 273, 360 N.E. 2d 357, upheld the trial court's decision, holding:

"[T]he trial court did not err in refusing to retroactively modify the alimony and child support payments." *Webb, supra,* at 4.

We decline to adopt the holding of *Webb*. The *Webb* court based its decision on *Fuller, supra;* however, we find the holding in *Fuller* to be inapplicable to the facts of the instant case. The *Fuller* court held that any amount of social security payments, which the children received due to the father's disability, over the amount which the father was ordered to pay in support, cannot be used to offset a judgment for an arrearage which accrued prior to the time the social security payments were certified for the benefit of the children. The *Fuller* court did not reach the issue of whether social security payments made subsequently may be credited against child support payments due for the months in which the children received social security benefits.

The Court of Appeals for the Ninth District held in *Gilford* v. *Wurster* (1983), 24 Ohio App. 3d 77, 24 OBR 145, 493 N.E. 2d 258, that social security death benefits received by a child upon the death of her father may be used to offset the obligation, imposed in the decree of divorce, of the father's estate to support the child until she reached the age of twenty-one. The *Gilford* court, citing *Cocciolone* v. *Cocciolone* (Nov. 13, 1975), Summit App. No. 7857, unreported, stated:

" 'The payment of the social security benefit * * * arises by reason of the defendant's employment, for which he paid the remuneration due the Social Security Administration. Its purpose is to provide support for minor children when the parent is disabled. To decide otherwise would defeat the purpose of the social security benefit and provide a windfall to the custodian (mother) based upon the misfortune of defendant's disability * * *.' " *Gilford, supra*, at 78, 24 OBR at 146, 493 N.E. 2d at 260.

Social security payments are a substitute for the disabled parent's earnings and are not gratuities from the federal government. *Griffin* v. *Avery*

(1980), 120 N.H. 783, 424 A. 2d 175.

We hold, as did the trial court, that social security payments received on behalf of a minor child as a result of a parent's disability may be credited toward that parent's support obligation commencing at such time as the benefit is received and not exceeding the monthly support obligation set forth in the decree of divorce. We further hold that such is not a retroactive modification of a child support order, but is merely a credit against the arrearage. See *Mooneyham* v. *Mooneyham* (Miss. 1982), 420 So. 2d 1072; *Griffin* v. *Avery, supra*. However, any excess social security benefits received by the children may not be credited against support arrearages which accrued prior to the time the social security benefits were certified. Appellant's first assignment of error is overruled.

Appellant's second assignment of error alleges:

"Where defendant stipulates at hearing that no support payments have been made after a date certain, and thereafter defendant attempts to retract such stipulation, it is error for the trial court to allow such retraction to the prejudice of plaintiff."

Appellant's second assignment of error is overruled as the record reveals the referee erroneously stated the parties stipulated that no support payments were made after March 2, 1975. In addition, appellee specifically objected to the portion of the referee's report regarding the stipulation.

We now turn to appellee's motion for expenses pursuant to App. R. 23. Appellee's motion is overruled for the reason that we do not agree with appellee's assertion that the within appeal is frivolous.

The judgment of the trial court is affirmed. *Judgment affirmed.*

Doan, P.J., Keefe and Black, JJ., concur.