## Fugate v. Fugate
*[Cite as 5 AOA 41]*

*Case No. 12028*
*Montgomery County, (2nd)*
*Decided July 3, 1990*

*Janice L. Jessup, Assistant Prosecuting Attorney, 41 North Perry Street, Suite 315, Dayton, OH 45402, Attorney for Plaintiff-Appellant.*

*Kenneth J. Krochmal, 4403 North Main Street, Dayton, OH 45402, Attorney for Defendant-Appellee.*

FAIN, J.

Plaintiff-appellant Susan Fugate appeals from an order of the trial court crediting the amount of certain Social Security disability payments received by the child of the parties against the child support that defendant-appellee has been ordered to pay. We conclude that no error is apparent from the record in this case; accordingly, the judgment of the trial court will be affirmed.

I.

The Fugates' marriage was dissolved in 1983. Mrs. Fugate was awarded custody of their only child. Mr. Fugate was ordered to pay support in the amount of $15 per week.

In an agreed entry filed in December, 1987, Mr. Fugate's support was increased to $30 per week and his arrearage was set at $295.72, as of November 23, 1987.

In September, 1989, Mrs. Fugate moved to hold Mr. Fugate in contempt for failure to pay support as ordered. The matter was heard before a referee in October, 1989. Mr. Fugate took the position that Social Security disability benefits, paid directly to the child on account of Mr. Fugate's disability, should be credited against his accrued and unpaid child support, and that when those payments were so credited, his child support account would show a credit balance in his favor.

After the hearing, the referee found the following facts:

"Since November 23, 1987, the child Matthew has received SSD benefits under his father's claim. From December 1987 to December 1988 he received $29.00 per month. From January 1988 to December 1988 he received $40.00 per month. From January 1989 to October 1989 he has received $52 per month.

"This is a support proceeding, respondent is not employed, does not receive Workers' Compensation, does not have funds on deposit in a financial institution and does not have other assets from which child support can be paid or secured. The current support order is for one child at $30.00 per week. An order to withhold of January 11, 1989 is legally in effect. The Support Enforcement Agency arrearage is $871.92 as of October 11, 1989."

Whereupon, the referee recommended the following:

"1. the movant's motion be overruled due to impossibility;

"2. the respondent's arrearage be credited with the $1,377.00 received by the child in Social Security benefits under the respondent's claim; said credit results in an overpayment of $505.08 as of October 11, 1989;

"3. the respondent's present child support order be reduced to $78.00 per month in order to give credit for the $52.00 per month the child is receiving from Social Security; however said withholding should be delayed for ten (10) months in order to liquidate the overpayments; and

"4. an order to withhold issue to Social Security Administration to deduct the sum of $79.56 per month from respondent's personal benefits (Claim No. 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) and forward same to the Montgomery County Support Enforcement Agency; said sum represents child support of $78.00 per month, plus the usual two (2%) percent service charge."

Neither party filed an objection to the referee's report and recommendation, which was adopted by the trial court with only minor differences not herein material.

From the trial court's order, Mrs. Fugate appeals.

II

Mrs. Fugate's sole Assignment of Error is as follows:

"WHETHER OR NOT SOCIAL SECURITY PAYMENTS RECEIVED ON BEHALF OF A MINOR CHILD MAY BE CREDITED AGAINST CHILD SUPPORT ARREARAGES WHICH ACCRUED PRIOR TO THE TIME THE SOCIAL SECURITY BENEFITS WERE CERTIFIED."

From her brief, it appears that Mrs. Fugate is challenging the propriety of the trial court's order on two different grounds. We will discuss each ground separately.

A

Mrs. Fugate contends that the trial court erred when it determined that the child of the parties had received $29 per month from December, 1987, to December, 1988, under his father's Social Security Disability claim, and, additionally, that the child had received $40 per month on that claim from January, 1988, to December, 1988. It appears to be Mrs. Fugate's suggestion that the referee may have made a clerical error by including the period from January, 1988, to December, 1988, twice, once at $29 per month, and again at $40 per month.

While the wording of the finding is odd, the total amount of the Social Security payments found by the referee is consistent with the language used. The referee found that the child had received $29 per month for each of the thirteen (13) months from December, 1987, to December, 1988, for a total of $377. The referee further found that the child had received $40 per month for each of the twelve (12) months from January, 1988, to December, 1988, for a total of $480. Finally, the referee found that the child had received $52 per month for each of the ten (10) months from January, 1989, to October, 1989, for a total of $520. The sum of these three totals ($377 plus $480 plus $520) equals $1,377, which is the total amount of the Social Security payments found by the referee. Thus, the referee's findings of fact are internally consistent.

As Mr. Fugate notes, no objection was filed to the referee's findings of fact, so that pursuant to Civ. R. 53(E) (6), Mrs. Fugate may not assign as error the trial court's adoption of the referee's finding of fact. It may be that the referee's calculation of the Social Security payments paid to the child was the subject of a clerical error. If so, Mrs. Fugate may seek relief in the trial court pursuant to Civ. R. 60(A).

B

Mrs. Fugate also argues that it was improper to credit the Social Security benefits received after November 23, 1987, against the arrearage (in the amount of $295.72) found to have been in existence as of that date. In making this argument, she relies upon *Pride v. Nolan* (1987), 31 Ohio App. 3d 261, 263, in which it was held that:

"*** any excess Social Security benefits received by the children may not be credited against support arrearages which accrued prior to the time the Social Security benefits were certified."

This court has held in *Robinson v. Robinson* (July 30, 1987), Miami App. No. 86-CA-56, unreported, and *Bayne v. Bayne* (Feb. 15, 1989), Montgomery App. No. 11175, unreported, that Social Security benefits received on behalf of children whose father is receiving Social Security disability benefits should be credited towards the father's support obligation *to the extent that the Social Security benefits do not exceed the amount of the support ordered.* Based upon the *Robinson* and *Bayne* cases, we conclude that the trial court did not err in the case before us.

Mr. Fugate was ordered to pay child support in the amount of $30 per week from December 8, 1987 through October 11, 1989, the calculation date used by the trial court for determining the

offset of the Social Security payments against the child support arrearage. This period was 673 days in duration, or ninety-six weeks and one day. Thirty ($30) dollars per week for 96 weeks equals $2,880 in child support that Mr. Fugate was obligated to pay during the same period of time that his child received Social Security disability payments with respect to his disability. The amount of the Social Security payments, $1,377, does not exceed the amount of the child support obligation, $2,880, corresponding to the same period of time. Therefore, the trial court could properly credit the entire amount of the Social Security payments for this period, which resulted in an overpayment, since Mr. Fugate had paid some child support during the period.

Because the total amount of the Social Security payments credited against Mr. Fugate's child support obligation did not exceed the amount of the child support payments ordered during the same period, the trial court could properly credit the Social Security payments in full.

Mrs. Fugate's sole Assignment of Error is overruled.

### III
Mrs. Fugate's sole Assignment of Error having been overruled, the judgment of the trial court will be affirmed.

WOLFF, P.J. and BROGAN, J., concur.