The STATE ex rel. LaMAR, Appellant,

v.

STABILE, Appellee.

[Cite as *State ex rel. LaMar v. Stabile* (1993), 90 Ohio App.3d 54.]

Court of Appeals of Ohio,
Medina County.

No. 2177–M.

Decided Aug. 25, 1993.

*Laura J. Gallagher,* Medina County Assistant Prosecuting Attorney, for appellant.

*Robert T. Tinl,* for appellee.

---

REECE, Judge.

Tracy LaMar gave birth to Stephanie Stabile on March 7, 1983. LaMar represented that Stephanie's father was the defendant-appellee, Anthony Stabile. The parties were contemplating marriage when Stephanie was born. Based on LaMar's representations that Stabile was Stephanie's father, Stabile applied to legitimize Stephanie in the Medina County Probate Court. That court issued a legitimation order on May 5, 1983. The parties never married and in 1985 the bureau of support sought child support from Stabile for Stephanie. In response, Stabile moved to vacate the 1983 order, pursuant to Civ.R. 60(B)(2) and (3), and later amended this motion to include Civ.R. 60(B)(5). The parties agreed to genetic testing, the results of which showed a ninety-eight-percent probability that Stabile was not Stephanie's father. The trial court denied the motion to vacate because there was no evidence of fraud, the genetic testing could have been performed at any time and the motion was beyond the one-year limitation

period provided by Civ.R. 60(B). We affirmed the trial court's decision. *Stabile v. LaMar* (Aug. 27, 1986), Medina App. No. 1485, unreported, 1986 WL 9357.

A support order was then issued on March 10, 1987. This order awarded a $5,955 judgment to the Wayne County Department of Human Services for child support arrearages and ordered Stabile to pay $40 per week. Stabile again fell behind on his support payments.

On July 16, 1991, the state of Ohio moved to reduce Stabile's child support arrearages to a lump-sum judgment. A hearing was held before a referee who found the amount of arrearages to be $11,675. The referee recommended a denial of the motion to reduce arrearages to a lump-sum judgment because it would be "inequitable and unfair" to do so. No objections were timely filed to this report,[1] and the trial court adopted it on October 8, 1992. The state appeals raising one assignment of error:

"The court erred in denying plaintiff department of human services' request for establishment of arrearages."

 Stabile alleges that the state cannot appeal the trial court's adoption of the referee's report because it did not file objections to the report pursuant to Civ.R. 53(E)(6). The state asserts that it is appealing the law applied by the referee and trial court. Civ.R. 53(E)(5) requires a trial court to review a referee's report to determine if any errors of law exist regardless of whether a party objects. *Proctor v. Proctor* (1988), 48 Ohio App.3d 55, 57, 548 N.E.2d 287, 290. Thus, we may consider whether the trial court erred as a matter of law in finding that the child support arrearages should not be paid.

 In this case, the trial court relied on equity in refusing to reduce child support arrearages to a lump-sum judgment. "The amount of past due and delinquent installments remaining due and owing on an installment child-support order or judgment is fixed and unalterable on the date the last installment payment becomes due and owing; and at that time the payee of the installment support order or judgment has an absolute right to have all past due and delinquent installment payments reduced to a 'lump-sum judgment,' on which execution may be lawfully levied." (Citations omitted.) *Smith v. Smith* (1959), 168 Ohio St. 447, 7 O.O.2d 276, 156 N.E.2d 113, paragraph one of the syllabus; *Sexton v. Sexton* (1971), 32 Ohio App.2d 344, 349, 61 O.O.2d 514, 517, 291 N.E.2d 542, 545. In *Sexton* the court stated that the lower court was under a duty to reduce the arrearages to a lump-sum judgment. This is because, as this court has noted, child support payments are in the nature of separate judgments, each becoming enforceable as it becomes past due. *Allen v. Allen* (1990), 62 Ohio

---

1. The state moved for leave to file its objections which the trial court denied.

App.3d 621, 625, 577 N.E.2d 126, 128. Thus, in this case the lower court violated its duty to award a lump-sum judgment, unless it properly relied on equitable principles to deny the state's motion.

This cause was before the court on the state's motion to reduce Stabile's child support arrearages to a lump-sum judgment. It appears that the trial court believed that the order finding Stabile to be Stephanie's father was inequitable. However, the fairness of this order was not before the court. The state's motion only encompassed the unpaid child support. Stabile did not attempt to have the court reconsider the order finding him to be Stephanie's father. Nor does the motion to reduce the arrearages encompass fairness and equity. Rather, the court's duty was to comply with *Smith,* and reduce the unpaid child support to a lump-sum judgment.

Stabile asserts that R.C. 3113.21(M)(3) and (4)[2] provide authority to modify past-due child support awards. Those sections provide:

"(3) Except as provided in division (M)(4) of this section, a court may not retroactively modify an obligor's duty to pay a delinquent support payment.

"(4) A court with jurisdiction over a support order may modify an obligor's duty to pay a support payment that becomes due after notice of a petition to modify the support order has been given to each obligee and to the obligor before a final order concerning the petition for modification is entered."

Thus, this statute allows modification of support payments that become due after a motion to modify these payments is made but before the court rules on that motion. This allows a successful movant to have the benefit of the changed support order commencing with the filing date of the motion, rather than when the modification occurs. The statute advanced as authority by Stabile does not grant a trial court equitable authority to deny a judgment. The trial court failed to advance any authority to utilize equity in this instance. Accordingly, we find the trial court erred in its reliance on equitable principles alone to refuse to award child support arrearages. The state's first assignment of error is well taken.

The trial court's judgment is reversed and the cause is remanded for proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

___

**2.** Stabile actually cites R.C. 3113.21(N)(3) and (4), however, as no such statute exists, we assume he was referring to R.C. 3113.21(M)(3) and (4), which consider modification of support orders.

BAIRD, J., concurs.

QUILLIN, P.J., concurs in judgment only.