**YOUNG, Appellee,**

**v.**

**YOUNG, Appellant, et al.**

[Cite as *Young v. Young* (1995), 105 Ohio App.3d 701.]

Court of Appeals of Ohio,
Fifth District, Stark County.

No. 1995CA00023.

Decided Aug. 14, 1995.

*Kathleen Elaine Young,* for appellee.

*Laureen Moore,* for appellant.

*F.W. Dahler,* for appellee intervenor.

READER, Judge.

The facts and procedures in this case are not in dispute. The parties obtained a dissolution of marriage on December 15, 1981 in Stark County. Two children were born as issue of the marriage, custody was granted to the petitioner-appellee, Kathleen Young, and appellant, Stephen Roger Young was ordered to pay child support in the amount of $80 per month per child.

In 1983, appellant became disabled and eligible for social security disability insurance benefits. As a result of his disability, the parties' two minor children also became eligible for and began receiving social security payments in that year.

In June 1994, upon request for modification, the intervenor-appellee, Child Support Enforcement Agency, recommended that appellant's child support obligation be reduced to $41.63 per month per child. Appellant filed objections to the findings and recommendations of the hearing officer of the Child Support Enforcement Agency. The referee of the Family Court Division of the Court of Common Pleas found it equitable to adjust appellant's current monthly child support obligation to zero, but found no merit to appellant's request for credit of child support arrearages. Appellant filed objections to the report of the referee, and a hearing on said objections was held on December 19, 1994. The trial court overruled said objections, and the appellant filed a request for Findings of Fact and Conclusions of Law on January 4, 1995. By entry dated January 13, 1995,

the trial court ordered that the report of the referee, including the Findings of Fact and Conclusions, be adopted. Appellant timely filed this appeal citing one assignment of error:

"The trial court erred in its failure to credit the social security payments received by appellant's minor children as a result of his disability toward child support arrearages which accrued after the children began receiving said benefits."

The trial court found that the reduction of appellant's monthly support obligation was a modification by way of a deviation pursuant to R.C. 3113.215. The court relied on the case of *McNeal v. Cofield* (1992), 78 Ohio App.3d 35, 603 N.E.2d 436, and found that the appellant's support order was zero. There the trial court stopped and did not find any merit in the appellant's argument as it would relate to a credit for the social security payments as recited in *Pride v. Nolan* (1987), 31 Ohio App.3d 261, 31 OBR 546, 511 N.E.2d 408. The trial court distinguished these two cases by saying that the *Pride* case was a presupport guideline case and the *McNeal* case a postsupport guideline case. There is one other distinguishing factor, and that is that the *McNeal* case was filed as a motion to modify prior to the time that social security benefits became payable to the minor children involved. *Pride v. Nolan* held, "Social security payments received on behalf of a minor child as a result of a parent's disability may be credited toward that parent's support obligation commencing at such time as the benefit is received and not exceeding the monthly support obligation set forth in the decree of divorce. We further hold that such is not a retroactive modification of a child support order, but is merely a credit against the arrearage. However, any excess social security benefits received by the children may not be credited against support arrearages which accrued prior to the time the social security benefits were certified." (Citation omitted.) *Id.*, 31 Ohio App.3d at 263, 31 OBR at 548, 511 N.E.2d at 411.

Therefore, we find that the trial court only spoke to one of the two issues involved. We do not find any error as it would relate to finding a modification by deviation as to current support; however, we find that failure to consider whether social security payments should be credited as of the date received by the children was an error.

Therefore, we reverse and remand this case for further proceedings in accordance with the law as stated in this opinion.

The assignment of error filed by appellant is sustained.

*Judgment reversed*
*and cause remanded.*

GWIN, P.J., and WISE, J. concur.