Appellant Karen Stewart appeals from the judgment of the Cuyahoga County Court of Common Pleas, Domestic Relations Division, Case No. D-170096, in which the trial court adopted the decision and report of the magistrate awarding payment of John Hancock Mutual Life Insurance proceeds to appellee Elsie Stewart as guardian for her son David P. Stewart, Jr. Appellant assigns a single error for this courts review.
Appellants appeal is not well taken.
Elsie and David P. Stewart were married on January 4, 1980 in Cleveland, Ohio. One child, David P. Stewart, Jr., was born as issue of their marriage. David P. Stewart, Jr. was born on February 26, 1982.
On December 22, 1986, the parties were divorced in the Cuyahoga County Domestic Relations Court pursuant to a separation agreement which was attached to and incorporated in the Divorce Decree. Paragraph four of the separation agreement provided that David Stewart was to pay Elsie Stewart, the custodial parent, child support in the amount of $75.00 per week until such time as the parties minor child became eighteen years of age or ceased to be a full-time high school student, whichever occurred later. Child support was increased to $125.00 per week by written agreement of the parties on February 3, 1992.
Paragraph five of the separation agreement provided as follows:
 5. Group Insurance: The Husband hereby agrees to designate and name the minor child as beneficiary of his group or Life Insurance Policy in conjunction with his employment with Ford Motor Company during said child's minority.
On May 13, 1996, David Stewart died by way of a drowning in Lake Erie. At the time of his death, David Stewart carried John Hancock Mutual Life Insurance Company group life insurance in the amount of $47,000.00 through his employment with Ford Motor Company. At no time did David Stewart designate his minor son as the beneficiary of his employment group life insurance as directed by the trial court. Rather, on December 18, 1995, Stewart designated his sister, appellant Karen Stewart, as beneficiary of his group life insurance. At the time of his death, Stewart owed $6,005.27 in arrears on his child support obligation.
On August 29, 1996, Elsie Stewart filed a motion requesting the trial court to direct payment of John Hancock Mutual Life Insurance proceeds to her as guardian of David P. Stewart, Jr., rather than to the named beneficiary, Karen Stewart, the decedents sister. Due to the conflicting nature of each party's claims to the life insurance proceeds, John Hancock Mutual Life Insurance Company adopted the position of a neutral stakeholder and requested that the trial court make a determination as to the proper party to receive the life insurance proceeds at issue.
The matter was referred to a trial court magistrate for determination. Each party filed their own stipulation of facts and agreed to submit the case to the magistrate on the respective stipulations and on briefs.
On September 4, 1997, the magistrate issued his decision and report in which he found for Elsie Stewart. The magistrate stated in pertinent part:
 * * * the Magistrate finds that the language used by the parties in item 5 of the parties separation agreement is neither vague or contradictory. The language is notable for what is and is not included. Nowhere in item 5 is there any reference to Defendant's child support obligation. Had the parties sought to link the insurance policy provision to Defendant's child support obligation they could have chosen language that did so, but they did not. Nowhere does the language in item 5 or anywhere else in the separation agreement state that Defendant's life insurance was to serve as security for his future child support obligations. The parties could have chosen language that so provided but they did not. The mere proximity of the provisions of item 5 no more relates it to the provisions of item 4 (Child Support) than the similar proximity of the provisions of item 7 (Child Support and Alimony Arrearage) relates it to the provisions of item 8 (Mutual Release)
The magistrate stated further:
 The magistrate further finds that the provisions of item 5 require the Defendant to name the parties minor child as "* * * beneficiary * * *" The word "beneficiary" is singular, and the sentence in which it is used contains no language that would expand the singular to plural. The parties did not use the words "* * * a beneficiary * * *" or "* * * one of the beneficiaries * * *" so as to show that Defendant had reserved the right to name more than one beneficiary. The clear and unequivocal meaning of the language used is that Defendant was to name the parties son as the singular, thus only, beneficiary of his group life insurance policy.
Appellant Karen Stewart filed her Objections to the Magistrates Decision and Report on September 17, 1997. Elsie Stewart filed a response to appellants objections and appellant filed a corresponding reply brief.
On July 22, 1998, the trial court adopted the magistrates decision and report and entered judgment in favor of Elsie Stewart accordingly. On February 13, 1997, appellant filed a timely notice of appeal from the judgment of the trial court.
Appellants sole assignment of error on appeal states:
 I. THE TRIAL COURT'S DECISION AWARDING APPELLEE THE TOTAL PROCEEDS OF THE JOHN HANCOCK LIFE INSURANCE POLICY WHEN APPELLANT WAS THE DESIGNATED BENEFICIARY, IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND IS ERRONEOUS AS A MATTER OF LAW.
Appellant Karen Stewart sets forth a multi-faceted argument in support of her position that the trial court erred in awarding the life insurance proceeds in question to Elsie Stewart as guardian for David P. Stewart, Jr., rather than to her as designated beneficiary under the policy. Specifically, appellant maintains that the phrase, "during said minor child's minority" contained in paragraph five of the separation agreement clearly tied the life insurance requirement contained in the separation agreement to the decedents child support obligation and, therefore, the minor child would only be entitled to those proceeds of the policy that secure the obligation itself. Appellant argues further the parties intent to secure decedents child support obligation with the life insurance proceeds is evidenced by the parties failure to limit the term "beneficiary" as stated in paragraph five of the separation agreement with the use of the word "sole" as well as the parties placement of the insurance provision directly after the child support provision in the separation agreement itself. It is appellants position that, given the intention of the parties as evidenced by the above-referenced facts, decedent had a right to name another beneficiary other than his minor son to receive that part of the life insurance proceeds not necessary to secure the remaining child support obligation. Finally, appellant argues that decedents social security death benefits and pension benefits received on behalf of the minor child should be used as an offset against the computation of the remaining child support obligation secured by the life insurance proceeds.
Generally, the named beneficiary to the proceeds of a life insurance policy becomes legally entitled to its proceeds upon the death of the insured. Ferguson v. Owens (1984), 9 Ohio St.3d 223,225, 459 N.E.2d 1293, citing Katz v. Ohio Natl. Bank (1934).127 Ohio St. 531, 191 N.E. 782. However, the named beneficiary may be divested of the right to such proceeds by one having a superior equitable right therein. Wallbrown v. Kent StateUniversity (May 1, 1998), Portage App. No. 97-P-0031, unreported, citing Ferguson at 225, 459 N.E.2d 1293. In such instances, courts have imposed a constructive trust for the benefit of the individual having a superior equitable right to the proceeds. Id. at 225-226, 459 N.E.2d 1293.
The Ohio Supreme Court has stated that: "A constructive trust is the appropriate remedy to ensure that the insurance proceeds are paid to those who were to be named beneficiaries of an insurance policy by the terms of a separation agreement embodied in a divorce decree." Kelly v. Medical Life Ins. Co. (1987),31 Ohio St.3d 130, 509 N.E.2d 411, paragraph two of the syllabus. This holding was followed and expanded in Aetna Life Ins. Co. v.Hussey (1992), 63 Ohio St.3d 640, 590 N.E.2d 724, syllabus.
In Wallbrown, the Eleventh District Court of Appeals summarized both Supreme Court cases as follows:
 In both Kelly and Aetna, the fathers in those cases violated the terms of separation agreements which stipulated that they must name or maintain their children as beneficiaries of certain life insurance policies. In Kelly, the father failed to name his children as beneficiaries of the life insurance policy subsequent to the effective date of the parties divorce, and then died shortly thereafter. In Aetna, the father was obligated to maintain his daughter as an irrevocable beneficiary until she turned twenty-two. The father then changed the named beneficiary to someone other than his daughter before she turned twenty-two, and died before his daughter attained the age of twenty-two.
 In both cases, constructive trusts were imposed for the benefit of the children. The Supreme Court looked to the express terms of the separation agreements incorporated in the divorce decrees and concluded, in essence, that the agreements provided the children with an equitable right to the proceeds superior to the contract. It is notable that in both cases the fathers died at a time when they were still obligated to maintain the children as named beneficiaries under their respective separation agreements, i.e., while the children were minors, or under the age limit set in the agreement.
Id. at 2-3. See, also, Thomas v. Studley (1989), 59 Ohio App.3d 76,80.
In the case herein, a review of the record from the trial court demonstrates that the trial court did not err in adopting the decision of the trial court magistrate and establishing a constructive trust in which the decedents life insurance proceeds were then placed for the benefit of David P. Stewart, Jr., the decedents minor child. As the trial court properly concluded, the separation agreement provides that the minor child must be named as the beneficiary of the decedents life insurance policy issued through his employer, Ford Motor Company. The separation agreement further states that said obligation must remain in place until such time as the child reaches the age of majority. At the time of decedents death, David P. Stewart, Jr., had not yet reached the age of majority and, therefore, the life insurance obligation was still in place creating an equitable interest superior to the contractual interest held by appellant. Aetna, at 642-643.
Contrary to appellants assertions, the separation agreement does not contain any compelling evidence that would link the decedents life insurance obligation only as security for the decedents child support obligation. Use of the phrase, "during the minor child's minority" in paragraph 5 of the separation agreement does not establish that the life insurance proceeds were only intended as security for future child support obligations nor does use of the term "beneficiary" imply that decedent was permitted to name more than one beneficiary under the subject life insurance policy. Similarly, the placement of the life insurance provision directly after the child support provision in the separation agreement does not lead one to conclude that the two provisions were intended to be read in conjunction with one another. As the trial court correctly stated:
 To insist that somehow items 5 and 4 are interrelated, with item 5 being contingent upon item 4, goes far beyond the plain meaning of the language the parties chose to use, and sets forth a proposition which cannot be supported by the law or the evidence.
Finally, appellants argument that decedents social security and pension benefits received on behalf of the minor child should be used as some type of offset against the life insurance proceeds at issue has previously been dealt with by this court in Thomas, wherein this court stated:
 Similarly, the estates arguments that any insurance proceeds be offset by Social Security benefits previously received were concededly not raised before the trial court. In any event, our analysis in Part IA, supra, makes clear that the life insurance was not expressly intended to secure child support obligations. In some instances, Social Security benefits received by a child may be credited against the obligor spouse's child support obligations. Yuhasz v. Yuhasz (Nov. 28, 1980), Cuyahoga App. No. 42193, unreported; Pride v. Nolan (1987), 31 Ohio App.3d 261, 31 OBR 546, 511 N.E.2d 408; Giford v. Wurster (1983), 24 Ohio App.3d 77, 24 OBR 145, 493 N.E.2d 258. However, in the absence of a clear intent to condition the maintenance of life insurance policies to child support obligations, no set-off should be ordered.
Id. at 81. Given the fact that no such "clear intent" to link the life insurance proceeds with the decedents child support obligations is evident in this case, it is apparent that appellants offset claim is without merit.
For the foregoing reasons, this court finds that the trial court did not err in ordering the decedents life insurance proceeds be placed in a constructive trust for the benefit of
David P. Stewart, Jr., nor was the decision of the trial court against the manifest weight of the evidence. See Yuda v. Saumer
(July 21, 1994), Cuyahoga App. No. 65892, unreported, at 6.
Appellant Karen Stewart's sole assignment of error is not well taken.
Judgment of the trial court is affirmed.
It is ordered that appellee recover of appellant her costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court Domestic Relations Division to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of the Procedure.
SPELTACY, P.J. and
 KILBANE, J., CONCUR.