OPINION
Appellant Walter Gemmell appeals the decision of the Licking County Court of Common Pleas, Domestic Relations Division, establishing his child support arrearage and ordering a monthly payment thereon. Appellant and Appellee Elma Gemmell n.k.a. Fink were married in March, 1982. A dissolution decree was entered on March 21, 1985, granting appellee sole custody of the parties' child, Drew, born September 14, 1982. The decree ordered appellant to pay child support in the amount of $25 per week. Appellant subsequently became disabled and applied for social security disability benefits and supplemental security income benefits. Upon the federal government's award of benefits, the child Drew became eligible for derivative benefits based upon appellant's disability. The derivative benefits began on January 1, 1987, in the amount of $50 per month. The record indicates that said derivative benefit amount remained constant. In August 1998, the Licking County Child Support Enforcement Agency (CSEA) conducted an administrative hearing at appellant's request. The hearing officer determined that there was a child support arrearage of $14,774.79 and a processing charge arrearage of $339.83, both as of July 29, 1998. As of the time of the hearing, appellant continued to receive monthly social security benefits. The CSEA hearing officer concluded, in his recommendations, that he did not have the authority to give appellant credit for the derivative benefits that had been paid to Drew since January 1, 1987. Appellant then requested a court review of the administrative recommendation, which the court set before a magistrate on December 8, 1998. Following a short hearing wherein appellant, proceeding pro se, reiterated his request for a credit to the arrearage figure based on Drew's derivative benefits, the magistrate took the matter under advisement. On January 25, 1999, the magistrate filed his decision accepting the CSEA arrearage figure and denying appellant's request for an arrearage credit. The magistrate based his decision on R.C. 3113.21(M)(3), which reads as follows: (3) Except as provided in division (M)(4) of this section, a court may not retroactively modify an obligor's duty to pay a delinquent support payment. Id. Appellant did not file any objection to the magistrate's decision. On March 3, 1999, the trial court filed a judgment entry incorporating the magistrate's decision and ordering appellant to pay $10 dollars per month towards his arrearage. Appellant then obtained counsel and timely filed a notice of appeal of the March 3, 1999 judgment entry. He herein raises the following sole Assignment of Error:
 THE TRIAL COURT ERRED IN UPHOLDING DEFENDANT-APPELLANT'S CHILD SUPPORT ARREARAGE BECAUSE DEFENDANT-APPELLANT'S MAIN SOURCE OF INCOME IS NEED-BASED PUBLIC ASSISTANCE AND SHOULD NOT HAVE BEEN INCLUDED IN DEFENDANT-APPELLANT'S GROSS INCOME FOR CHILD SUPPORT PURPOSES.
 I
Appellant contends that the trial court erred by upholding the CSEA arrearage recommendation. Our review of matters of child support mandate a standard of abuse of discretion. Booth v. Booth (1989), 44 Ohio St.3d 142. The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. However, we are unable to validate appellant's arguments in this appeal due to his failure to timely file objections to the magistrate's decision. Civ.R. 53(E)(3)(a) provides that a party may, if it so desires, file objections to a magistrate's decision within fourteen days of the filing of the decision. Further, Civ.R. 53(E)(3)(b) provides that "[a] party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule." See, e.g., Stamatakis v. Robinson (January 27, 1997), Stark App. No. 96CA303, unreported; Kademenos v. Mercedes-Benz of North America, Inc. (March 3, 1999), Stark App. No. 98CA50, unreported. We note that authority exists in Ohio law for the proposition that appellant's failure to object to the magistrate's decision does not bar appellate review of "plain error." See R.G. Real Estate Holding, Inc. v. Wagner (April 24, 1998), Montgomery App. No. 16737, unreported; Timbercreek Village Apts. v. Myles (May 28, 1999), Montgomery App. No. 17422, unreported. However, the Supreme Court has cautioned against the overapplication of plain error analysis: We do not hold that application of the plain error doctrine may never be appropriate in civil cases. However, we do reaffirm and emphasize that the doctrine is sharply limited to the extremely rare case involving exceptional circumstances where the error, left unobjected to at the trial court, rises to the level of challenging the legitimacy of the underlying judicial process itself. (Emphasis omitted.) Goldfuss v. Davidson (1997), 79 Ohio St.3d 116,122.
The leading case in Ohio addressing the interrelationship between child support arrearages and social security derivative benefits is Pride v. Nolan (1987), 31 Ohio App.3d 261, which holds that "* * * social security payments received on behalf of a minor child as a result of a parent's disability may be credited toward that parent's support obligation commencing at such time as the benefit is received and not exceeding the monthly support obligation set forth in the decree of divorce." Id. at 263. We adopted Pride's rationale in Young v. Young (1995), 105 Ohio App.3d 701. As noted, the above language of Pride consists of the phrase "may be credited" rather than "shall be credited." Thus, it is clear that a trial court maintains at least some discretion to find that granting such an arrearage credit fails to further the best interests of the children involved or creates a gross inequity between the parties. Given the vestige of discretion remaining to the trier of fact in this realm of child support law, we are averse to invoking the doctrine of plain error under these circumstances in light of Goldfuss, supra. Therefore, appellant's failure to file an objection to the magistrate's report in the trial court constituted a waiver of any alleged error resulting from the magistrate's report under the facts and circumstances of this case. Appellant's Assignment of Error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Domestic Relations Division, of Licking County, Ohio, is affirmed.
Wise, P.J. Gwin, J., and Hoffman, J., concur.