[Cite as *In re K.S.*, 2023-Ohio-4059.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CHAMPAIGN COUNTY

IN THE MATTER OF: K.S. JR. AND
O.S.

:
:
:   C.A. No. 2023-CA-13
:
:   Trial Court Case Nos. 2020 JG 07; 2020
:   JG 08
:
:   (Appeal from Common Pleas Court-
:   Juvenile Division)
:

. . . . . . . . . . .

O P I N I O N

Rendered on November 9, 2023

. . . . . . . . . . .

RACHEL M. MOUREY, Attorney for Appellant, Mother

KATHRYN C. CLARK, Attorney for Appellee, Champaign County Child Support
Enforcement Agency

. . . . . . . . . . . .

HUFFMAN, J.

{¶ 1} Petitioner-Appellant Irene Knisley ("Knisley") appeals from the trial court's judgment affirming the magistrate's decision terminating Keith Sink's ("Sink") child support order and ordering Knisley to repay Sink in an amount equal to the overpayment received by Knisley. The basis for the decision was an award of Social Security

derivative benefits for the minor children in an amount exceeding the child support order.

## I.    Facts and Procedural History

**{¶ 2}** Pursuant to a court order filed in August 2020, Sink had been ordered to pay $341.62 total per month and $27.00 total per month for both minor children for child support and cash medical support, respectively. Sink was also ordered to pay $68.32 total per month toward a child support arrearage.

**{¶ 3}** In December 2021, Sink became eligible for Social Security Disability (SSD) benefits in the amount of $1,459 per month and, beginning at that time, $445.70 was deducted from his benefits each month for child support, medical support, and arrears. The Social Security Administration also sent Sink letters stating that the minor children were each eligible for derivative Social Security benefits in the amount of $243 per month per child ($486 total per month).

**{¶ 4}** On December 20, 2022, the Champaign County Child Support Enforcement Agency (CSEA) filed a motion to review child support and medical support of minor children K.S., III,[1] and O.S. ("minor children"). CSEA sought a review of Sink's support obligations in light of the derivative benefits the minor children were receiving, specifically requesting that his child support obligation be terminated retroactively to January 2022 because, since that time, the minor children had received derivative Social Security benefits in an amount greater than the child support obligation. A hearing was held before a magistrate on February 8, 2023, during which Sink, the obligor, and Knisley, the obligee, were present.

---

[1] While K.S. is referred to as K.S., Jr. in the caption of the appeal, the record reflects that his correct name is K.S., III.

**{¶ 5}** After considering the evidence and testimony, the magistrate issued her decision and orders on February 16, 2023, terminating the child support order effective January 2022 due to the award of derivative Social Security benefits for the minor children in an amount that exceeded the child support order. The magistrate further concluded that, based on the termination of the child support order, Knisley had received an overpayment since January 2022, which she was required to repay to Sink. The magistrate provided notice in her decision of the 14-day period to file objections to the decision, which stated:

> A party may file written objections to this decision within fourteen (14) days
>
> after the decision filed with the Court. See Juvenile Rule 40(D)(3)(b)(i) for
>
> further information pertaining to objections.

Knisley did not file objections to the magistrate's decision and orders; instead, she filed this appeal.

## II. Assignments of Error

**{¶ 6}** Knisley asserts the following two assignments of error:

THE COURT ERRED WHEN NOT ALLOWING THE PARTIES FOURTEEN DAYS TO OBJECT TO THE MAGISTRATE'S DECISION.

THE COURT ERRED WHEN IT FOUND THAT THERE WAS AN OVERPAYMENT DUE TO THE OBLIGOR.

**{¶ 7}** Knisley first argues that, according to Juv.R. 40(D)(3)(b)(i), the parties are entitled to a 14-day period in which to file objections to a magistrate's decision. Knisley contends that the trial court erred when the judge adopted the magistrate's decision on

the same day that the magistrate's decision was issued. Knisley further argues that, as a result of the trial court's immediate adoption of the magistrate's decision, she was provided no time in which to file objections, and, thus, was forced to file the instant appeal. We disagree.

{¶ 8} Juv.R. Rule 40(D)(3)(b)(i) provides that "[a] party may file written objections to a magistrate's decision within fourteen days of the filing of the decision, whether or not the court has adopted the decision during that fourteen-day period as permitted by Juv.R. 40(D)(4)(e)(i)." However, if a party does not file timely objections to the magistrate's decision, the party waives his or her right to assign as error on appeal the adoption of the decision by the trial court. Juv.R. 40(D)(3)(b)(iv) states:

> Except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Juv.R. 40(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Juv.R. 40(D)(3)(b).

{¶ 9} In the instant matter, the magistrate's decision and orders included a notice that specifically stated a party may file written objections to the decision within 14 days after the decision was filed with the court. This provision put the parties on notice of the opportunity to file objections to the magistrate's decision. Under Juv.R. 40(D)(3)(b)(i), those objections could be filed regardless of whether the trial court adopted the decision during that 14-day period. Thus, even though the trial court adopted the magistrate's decision on the same day that it was entered, Knisley was still permitted to file objections

to the magistrate's decision but ultimately did not do so. Except in the case of a claim of plain error, which was not asserted here, Knisley waived her right to assign as error on appeal the trial court's adoption of the magistrate's findings of fact or conclusions of law by not filing objections. Knisley's first assignment of error is overruled.

{¶ 10} Inasmuch as Knisley waived all but plain error, and she has not alleged plain error on the part of the trial court, we need not consider her second assignment of error. However, if we were to consider it, Knisley would not prevail for the reasons stated below.

{¶ 11} "[A] trial court's decision regarding child support obligations falls within the discretion of the trial court and will not be disturbed absent a showing of an abuse of discretion." *Pauly v. Pauly*, 80 Ohio St.3d 386, 390, 686 N.E.2d 1108 (1997), citing *Booth v. Booth,* 44 Ohio St.3d 142, 144, 541 N.E.2d 1028 (1989). To find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 12} In *Williams v. Williams*, 88 Ohio St.3d 441, 442, 727 N.E.2d 895 (2000), the Supreme Court of Ohio considered the issue of whether a disabled parent's child support obligation should be directly set off by Social Security payments received on behalf of a minor child. The *Williams* court pointed out that "the underlying intent behind Social Security payments to a child is to provide support that the disabled parent is unable to provide. Thus, Social Security benefits are characterized as a substitute for the disabled parent's earnings rather than gratuities from the federal government." *Id.* at 443, citing

*Pride v. Nolan*, 31 Ohio App.3d 261, 263, 511 N.E.2d 408 (1st Dist.1987); *Stephenson v. Stephenson*, 7th Dist. Mahoning No. 94 C.A. 67, 1996 WL 133000 (Mar. 18, 1996); *McClure v. McClure*, 2d Dist. Greene No. 1995-CA-86, 1996 WL 562793 (Sept. 27, 1996); *Cervone v. Cervone*, 7th Dist. Mahoning No. 98 C.A. 99, 2000 WL 126583 (Jan. 11, 2000). "The reasoning for this is twofold: (1) the underlying intent behind Social Security disability payments to a child is to provide support that the disabled parent is unable to provide; and (2) Social Security disability benefits represent contributions that a worker has made throughout the course of employment and the worker has a vested right in the payments." *Hamilton v. Reynolds*, 3d Dist. Hancock No. 5-13-11, 2013-Ohio-5660, ¶ 25, citing *Williams* at 443-44. The *Williams* court joined jurisdictions that permitted a disabled parent's child support obligation to be directly set off by Social Security payments received on behalf of the minor child, reasoning that "[t]he overwhelming majority of states that have considered this issue allow a credit for Social Security benefits paid to dependent children." (Citations omitted.) *Williams* at 444.

{¶ 13} After *Williams*, in *Hamilton*, the Third District Court of Appeals applied the reasoning in *Williams* and agreed with other jurisdictions that, if an "obligor is entitled to a dollar for dollar credit in his or her child support obligation when the child receives Social Security dependency benefits, then the obligor is also entitled to reimbursement for child support paid to the obligee when the obligee subsequently receives a lump sum of Social Security dependency benefits representing the same months that the obligor paid child support." (Citations omitted.) *Hamilton* at ¶ 29.

{¶ 14} The trial court found that Knisley had received an overpayment in child

support due to derivative Social Security benefits awarded to the minor children and that Sink was entitled to reimbursement for child support paid to Knisley during the same months when Knisley received those derivative Social Security benefits on behalf of the minor children in an amount that exceeded the child support order. Based on the reasoning in *Williams* and *Hamilton*, the trial court did not err in finding that Sink's child support obligation should be directly set off by the Social Security derivative payments received by the minor children and that there was an overpayment due to Sink for the overpayment of child support benefits as a result of the Social Security derivative payments.

### III.   Conclusion

**{¶ 15}** The judgment of the trial court is affirmed.

. . . . . . . . . . . . .

TUCKER, J. and LEWIS, J., concur.