FULLER, APPELLANT, v. FULLER, APPELLEE.

(No. 7917—Decided March 3, 1976.)

Mr. *Albert S. Rakas, Ms. Dana F. Castle* and *Ms. Margery B. Koosed,* for appellant.

Messrs. *Miller & Morris* and *Mr. William E. Howard,* for appellee.

MAHONEY, J. This appeal arose from an order of the Court of Domestic Relations of Summit County. On November 3, 1972, the court granted a divorce to plaintiff Janice M. Fuller (herein mother), the appellant, from defendant Charles E. Fuller (herein father), the appellee. The decree provided that the father pay the mother $50 per week for the support of their children. From the time of the divorce decree until June 1, 1974, the father was either employed or receiving workmen's compensation benefits. During this time, he failed to pay $3,875 in support payments. He says he did so because he was denied visitation rights.

During June 1974, it was determined that the father had a serious heart condition requiring corrective surgery. As a result of this heart condition, the father became eligible for social security disability benefits. The father's condition also entitled his children to social security benefits totaling $268 per month. These benefits commenced as of June 1, 1974.

Both parties subsequently filed numerous motions requesting the court to find the opposing party in contempt of court for various violations of the divorce decree and other court orders. Precisely what occurred as a result of these filings is unclear from the record. It is certain, however, that the various proceedings culminated in a judgment order, filed on September 3, 1975. This order provides in pertinent part:

"11. By stipulated agreement on May 16, 1975, the Court awards judgment in favor of Plaintiff and against the Defendant in the sum of three thousand eight hundred seventy-five dollars ($3,875.00) up to and including June 1, 1974.

"12. The Court further finds that the parties stipulated that the Defendant is totally disabled and that the minor children of the parties through the Plaintiff will receive a retroactive social security benefit effective June 1, 1974. The Court further found that the minor children of the parties were to receive $268.00 per month as their Social Security Disability Benefit which is $68.00 more than the present child support order, not counting any increase in social security benefits that may have taken effect, since the stipulation May 16, 1975.

"13. The Court further finds that the Defendant received workmen's compensation up to and including October, 1974, but from that period of time on, the Defendant has received neither Workmen's compensation or returned to work and that his present and sole sources of income consist of social security benefits of $357.40 per month exclusive of the increase in social security since the stipulation on May 16, 1975, and also $500.00 per month from an insurance policy which shall expire in August, 1976.

"14. Accordingly, and pursuant to the terms of the Judgment Order of June 24, 1974, the Court renders a judgment in favor of Plaintiff and against the Defendant for arrearages at the rate of $50.00 per week from June 1 through the month of October, 1974, in the amount of $1,050.00 and this Judgment is in addition to the previous Judgment of the Court.

"15. Further, the Court orders that when the Plaintiff receives the retroactive child support payments from Social Security, the amount received shall first be credited in favor of the Judgment rendered from June 1, 1974 through October, 1974, extinguishing such judgment. All future Social Security awards received by the Plaintiff for the benefit of the minor children shall be a full credit to the Defendant for child support payments in the sum of $50.00 per week, and any balance received over and above said sum of $50.00 per week shall be credited toward any and all judgments previously rendered herein by the Court in favor of the Plaintiff and against the Defendant."

The mother appeals from this order and assigns the following errors:

"I. The court below erred in providing that Social Security Benefits payable to the appellant for the support of her five minor children due to the disability of the appellee can be credited to the payment of arrearages of child support payments accrued by appellee's violation of his then existing legal obligation of support.

"II. The court below erred in decreeing adjudicated arrearages for child support should be paid from Social Security benefits received by the appellant for the support of their five minor children, due to the appellee's disability, to the amount exceeding appellee's current obligation of support, without first conducting a hearing to determine appellee's inability to pay the said arrearages."

The mother's first assignment of error is well taken. The Social Security Act, Title 42 U. S. Code, Section 401 et seq., provides that every dependent child of an individual who is entitled to Social Security benefits shall be entitled to a child's insurance benefit. See, Title 42, U. S. Code, Section 402(d)(1). We determine from this that the benefit inures directly to the child, notwithstanding the prerequisite status of the parent. No indices of the father's ownership ever attach to these funds. Thus, the court is, in effect, ordering the children to pay the accrued arrearages for their own support.

Furthermore, the mother is receiving the benefit

checks as the representative payee of her children (20 C. F. R., Section 404.1601). In this capacity, the mother is required to apply the benefit checks toward the current maintenance of the children (20 C. F. R., Section 404.1604). Any funds which are not needed to provide for current maintenance must be invested for the children (20 C. F. R., Section 404.1605). In addition, 20 C. F. R., Section 404.-1608 provides:

"A relative or other person to whom payment under Title II of the Act [Title 42, U. S. Code, Section 401 et seq.] are certified as representative payee on behalf of a beneficiary *may not be required* to use such payments to discharge an indebtedness of the beneficiary which was incurred before the first month for which payments are certified to a relative or other person on the beneficiary's behalf. In no case, however, may such payee use such payments to discharge such indebtedness of the beneficiary unless the current and reasonably foreseeable future needs of the beneficiary are otherwise provided for." (Emphasis added.)

Consequently, the mother is prohibited from being required to use benefits in excess of $200 per month to satisfy a judgment for arrearages, since the arrearages accrued "before the first month for which payments are certified" to the mother.

It must be emphasized that our holding is limited solely to the narrow issue presented in this first assignment of error. We do not decide the merits of any other issue which may be contained in the trial court's order.

The second assignment of error is without merit. The trial court's findings of June 20, 1975, indicate that it was familiar with the facts. There is no requirement that formal proceedings must be held to determine the father's financial position. The record indicates that the mother had ample opportunity to inform the court of any relevant facts pertaining to the father's ability to satisfy the arrearages judgment.

Accordingly, we reverse the trial court's judgment so far as it orders plaintiff to apply the excess benefits (i. e.,

that amount which exceeds $50 per week) to satisfy the arrearages judgment and remand this case for further proceedings in accordance with the court's order as modified by this partial reversal.

*Judgment reversed.*

VICTOR, P. J., and BRENNEMAN, J., concur.

BRENNEMAN, J., concurring. On this narrow issue I reluctantly concur. Further, I would include the statement that nothing herein may be construed as a bar to an action by the appllee for modification of the support order due to his change of circumstances.