## Commonwealth McGarey v. Balaban

*Herbert V. Giobbi,* for petitioner.
*Dominick A. Lockwood,* for respondents.

GRIFO, *J.* March 23, 1984—Petitioner, the former husband of Debra McGarey and Jill Balaban, became disabled and was awarded social security disability benefits. Each of his two children by each former wife was also awarded benefits in the form of both a lump sum payment of past benefits and monthly payments for current benefits. The difficulty between the parties is that the lump sum payments represent a retroactive award of benefits during a period when petitioner continued to make support payments under this court's order to each child's mother. Petitioner claims that there has been an overpayment or a double payment to each former wife, and requests restitution.

The legal issue presented is whether respondents are entitled to retain all the monies paid to them by petitioner as well as the lump sum social security benefits. The court finds that the answer is in the affirmative.

The Social Security Act, Title 42, U.S. Code §402(d)(1) provides that every dependent child of an individual who is entitled to social security benefits shall be entitled to a child's insurance benefit. The benefit enures directly to the child, notwithstanding the prerequisite status of the parent. No indices of the father's ownership ever attaches to these funds. Fuller v. Fuller, 49 Ohio App. 2d 223, 360 NE 2d 357 (1976).

Furthermore, under 20 C.F.R., §404.2035, the mother is receiving the benefit checks as the representative payee of her child. In this capacity, the

mother is required to apply the benefit checks toward the current maintenance of the child. Moreover, she may not be required to use benefit payments to satisfy a debt of the child if the debt arose prior to the first month for which payments are certified to the representative payee. 20 C.F.R., §404.2040.

Additionally, 20 C.F.R., §404.2045 states that if payments are not needed for the child's current maintenance or reasonably foreseeable needs, they shall be conserved or invested on behalf of the child. Consequently, the mother is prohibited from being required to use benefits to satisfy prior child support payments since these accrued before the first month for which payments were certified to the mother.

Wherefore, we enter the following

## ORDER OF COURT*

And now, this March 23, 1984, petitioner's petition is denied and dismissed.

---

* This order is final pursuant to Pa.R.C.P. 1910.11(k).