McNEAL, Appellant,

v.

COFIELD, Appellee.

[Cite as *McNeal v. Cofield* (1992), 78 Ohio App.3d 35.]

Court of Appeals of Ohio,
Franklin County.

No. 92AP–574.

Decided Aug. 25, 1992.

*Charles D. Underwood,* for appellant.

*Paul Scott,* for appellee.

WHITESIDE, Judge.

Plaintiff, Tona H. McNeal, appeals from a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, and raises a single assignment of error, as follows:

"The trial court erred to the prejudice of appellant by holding that social security payments received on behalf of a minor child as a result of the father's eligibility for social security retirement benefits may be credited against the father's child support obligations."

By order entered December 4, 1981, defendant, Andrew J. Cofield was adjudged to be the father of the minor child of whom plaintiff Tona H. McNeal is the mother. By that judgment, defendant was ordered to pay child support of $35 per week for the minor child. By agreed entry of August 14, 1987, the child support requirements were increased to $180 per month. In April 1989, plaintiff filed a motion for an increase in the child support payments in accordance with the Child Support Guidelines. In June 1989, defendant filed a motion for the determination of child support based upon the parties' earnings, taking into consideration "defendant's reduced retirement income effective July 1, 1989." As a result of these motions, child support apparently was increased to $56.75 per week. In March 1991, the motion, which is the subject of this appeal, was filed by defendant, seeking an order terminating child support based upon the parties' earnings because the minor child would commence receiving Social Security benefits effective May 1, 1991.

The evidence indicates that the child (apparently now twelve years old) receives Social Security benefits as the result of her father's retirement, such payments being in the amount of $280 per month. Defendant contends and the trial court found that such payments should be offset against defendant's child support obligation, which the parties stipulated to be $245.94 per month under the most recent court order. The trial court by order granted defendant's motion to terminate child support, resulting in this appeal. The matter had been submitted to a referee, who had recommended that the trial court overrule the motion to terminate child support, to which defendant filed objections, which the trial court sustained, stating in its decision of April 3, 1992, and attached to and made a part of the judgment entry: " * * * [T]he objection is sustained, and Defendant's motion for termination of child support is granted for so long as the child continues to receive Social Security payments equal to or greater than the monthly child support order."

In so doing, the trial court specifically refers to three opinions of the Second District Court of Appeals, stating that such opinions "specifically hold that it is appropriate to consider Social Security income received by the child to be in lieu of child support since it was the father's earnings from employment that created the entitlement to the Social Security benefits." Unfortunately, we find none of those unreported opinions attached to any filing in the trial court or to the briefs of either party on appeal, as would be required by Rule 2(G)(2) and (3) of the Supreme Court Rules for the Reporting

of Opinions. Such unreported opinions not being appropriately cited, or appropriately brought to the attention of this court, such opinions will not be considered even as persuasive authority. In any event, there are sufficient reported opinions of other Ohio district courts of appeals. Although persuasive authority, not even the reported opinions from other districts are controlling upon this court.

At the outset, we note that none of the reported opinions (and from the argument none of the unreported opinions) hold that it is appropriate to terminate child support predicated upon the receipt by the child of Social Security payments due to the retirement of the parent ordered to make child support payments, even if such Social Security payments exceed the amount of ordered child support. Rather, some of the cases cited by the parties find that Social Security payments for the benefit of the child may be offset against ordered child support payments.

Here, there have been certain stipulations by the parties, including an agreement that the payment of Social Security benefits for the benefit of the minor child has no effect upon the amount of Social Security benefits paid to the defendant, the father of the child. This is a matter of law predicated upon federal law. The parties have also stipulated that, in addition to his Social Security benefits amounting to $5,424 per year, defendant has other retirement benefits, including Public Employment Retirement System benefits in the amount of $11,040 per year and a military retirement benefit of $8,700 for a total gross income of $25,164 a year from retirement benefits. The parties have also stipulated that plaintiff's income is $32,000 per year and that, under the Child Support Guidelines, the reasonable amount for child support would be $7,200 per year, with forty-four percent of that amount being payable by defendant, or an amount of $264 per month.

Defendant contends that, inasmuch as the $280 per month Social Security payments are for the benefit of the child, he should not be required to pay any child support since the $280 Social Security benefit exceeds the $264 monthly support which he should pay under the Child Support Guidelines. On the other hand, plaintiff contends that, inasmuch as the Social Security payments for the benefit of the minor child have no effect upon defendant's income, there should be no deduction, and defendant still should be required to pay $264 per month child support. Under the circumstances, we find both parties are incorrect.

Unfortunately, neither party has approached the situation from a reasonable standpoint, taking into consideration the needs and best interests of the minor child, which are of primary concern. Social Security payments for the benefit of the child must be considered in connection with child support

payments ordered to be made by the parent whose retirement triggers the Social Security payments for the benefit of the minor child. However, under current law, this does not justify crediting the entire amount of the monthly benefit as attributable solely to the child support required to be paid by either parent. The best interest of the child requires a different conclusion, one that will enure to the benefit of the child, rather than to the sole benefit of either parent.

On the other hand, the guideline determination of necessary child support remains unaffected by the fact of receipt by the child of Social Security benefits. The proper method is to deduct all or part of the Social Security benefits received on behalf of the child from the guideline-determined necessary child support predicated upon the best interests of the child and equity to both parents. If it be determined that the entire amount of Social Security benefits should be deducted from child support, the $600 per month guideline-determined child support need would be reduced by the amount of the Social Security payments, so that the remaining $320 per month need would be allocated between the parents in the manner set forth in the guideline determinations, and forty-four percent of that amount, or $140.80 per month, would be defendant's reduced child support obligation.

Plaintiff relies upon *Fuller v. Fuller* (1976), 49 Ohio App.2d 223, 3 O.O.3d 273, 360 N.E.2d 357, which expressly held that Social Security benefits cannot be credited toward arrearages in child support payments. The *Fuller* court stated at 225–226, 3 O.O.3d at 275, 360 N.E.2d at 358:

" * * * No indices of the father's ownership ever attach to these funds. Thus, the court is, in effect, ordering the children to pay the accrued arrearages for their own support.

"Furthermore, the mother is receiving the benefit checks as the representative payee of her children. (20 C.F.R., Section 404.1601). In this capacity, the mother is required to apply the benefits checks toward the current maintenance of the children (20 C.F.R., Section 404.1604). Any funds which are not needed to provide for current maintenance must be invested for the children (20 C.F.R., Section 404.1605). * * * "

Defendant attempts to distinguish *Fuller* because it involved crediting Social Security benefit payments to arrearages in child support payments. Defendant relies upon *Catlett v. Catlett* (1988), 55 Ohio App.3d 1, 561 N.E.2d 948; *Pride v. Nolan* (1987), 31 Ohio App.3d 261, 31 OBR 546, 511 N.E.2d 408; and *Gilford v. Wurster* (1983), 24 Ohio App.3d 77, 24 OBR 145, 493 N.E.2d 258. *Catlett* does not support defendant's contention since it involved a situation where the mother as representative payee of the Social Security benefits was ordered to place the funds in trust for the benefit of the minor

child, with no reduction or credit to the child support payments to be made by the father who was on disability retirement. That case discusses at length Social Security regulations requiring a representative payee to make an accounting showing that the benefits had been properly used on behalf of the beneficiary. There was no issue in *Catlett* as to whether child support payments should be reduced. However, the court, 55 Ohio App.3d at 6, 561 N.E.2d at 953, stated in part:

"Appellant received the benefits as Lori's representative payee. In this capacity, she is required to apply the benefits towards the child's current maintenance. * * * Current maintenance includes the costs of obtaining food, shelter, clothing, medical care and personal comfort items. * * * If payments are not needed for the beneficiary's current maintenance or reasonably foreseeable needs, they shall be conserved or invested on behalf of the beneficiary. * * * "

Likewise, *Pride* is not controlling, even though it is in direct conflict with *Fuller*, although the *Pride* court attempted to distinguish *Fuller* in holding that Social Security benefits received can be applied towards child support arrearages occurring after the receipt of the Social Security payments. The *Pride* court failed to discuss the true nature of Social Security payments to a minor child under the federal law and regulations, instead stating in 31 Ohio App.3d at 262, 31 OBR at 547, 511 N.E.2d at 410: " * * * [T]he children received the social security benefits, based upon the disability of their father, as a substitute for the wages which appellee would have earned had he been able to work." This is not technically correct since the earnings of a father entitled to Social Security benefits do not affect the amount of the child support payments, which are in addition to the Social Security benefits paid to the father, which could as a practical matter be described as a substitute for wages.

Also as a practical matter, the underlying intent of the Social Security benefit payments to a minor child is to give support to the child, which the parent receiving the Social Security benefits is unable to provide. In this sense, the Social Security payments are intended as a substitute for support that otherwise would be provided by the parent. It is for this reason that it may be equitable to adjust the child support need by the amount of Social Security benefits received by the child. *Gilford* also is not pertinent since it involved Social Security death benefits and the question of whether such benefits should be credited against continuing child support obligations payable from the estate after the death of the parent.

None of the cases refer to the statutory predicate for child support, and especially the Child Support Guidelines. Since this support order arose from a

parentage action, the appropriate provision is R.C. 3111.13(E), which provides in pertinent part:

"In determining the amount to be paid by a parent for support of the child * * * a court * * * shall consider all relevant facts, including, but not limited to, all of the following:

" * * *

"(7) The financial resources and the earning ability of the child * * *."

R.C. 3109.05(A)(1)(a) contains an identical provision. Unfortunately, the worksheet for child support computation adopted by R.C. 3113.215(E) contains no express method for the trial court's fulfilling this mandatory responsibility, except by guideline item 20, which states: "Comments, rebuttal, or adjustments to correct figures in lines 18a and 18b if they would be unjust or inappropriate * * *."

Nor does R.C. 3113.215(B)(2) specifically mention the financial resources or earning ability of the child. However, R.C. 3113.215(B)(3) provides for deviations from the schedule where its application "would be unjust or inappropriate and would not be in the best interest of the child," and R.C. 3113.-215(B)(3)(j) specifically provides that there should be considered "any other relevant factor included in sections 3109.05 and 3111.13 of the Revised Code."

In short, the court, in fixing child support under R.C. 3113.215, is required to consider the financial resources and earning ability of the minor child, which necessarily includes Social Security benefits paid either to the child or the child's representative payee. While there may be several options reasonably available to the trial court under the varying circumstances, as all the cases have suggested, it is unreasonable to permit one parent to receive a windfall and be totally relieved of the child support obligation which would otherwise be allocated to that parent by the Child Support Guidelines solely because of the Social Security benefit payments to or for the benefit of the minor child. To this extent, the assignment of error is well taken since the trial court did err in crediting the entire amount of the Social Security payment toward defendant's child support obligation calculated under the Child Support Guidelines.

For the foregoing reasons, the assignment of error is sustained, the judgment of the Court of Common Pleas of Franklin County, Domestic Relations Division, is reversed, and this cause is remanded to that court for further proceedings in accordance with law consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

JOHN C. YOUNG, P.J., and DESHLER, J., concur.