Appellant, Marcia Hodges, appeals an order of the Butler County Court of Common Pleas, Juvenile Division, requiring her to pay appellee, Andrew Ehritz, $50 per month in child support for the benefit of their natural child, Auna Ehritz. We affirm.
At the time of Auna's birth on July 26, 1995, appellant and appellee were married. They subsequently divorced in 1996 and appellant retained custody of Auna. Appellant suffers from diabetes and a degenerative back disease, and consequently receives Social Security Disability benefits totaling $6,564 annually. By virtue of her mother's disability, Auna receives Social Security disability benefits totaling $125 a month, or $1,500 annually.
On November 11, 1996, appellant attempted suicide by overdosing on prescription medications. On December 2, 1996, the Butler County Children Services Board ("BCCSB") filed a complaint in the Butler County Court of Common Pleas alleging that Auna was a neglected and dependant child. BCCSB obtained temporary custody of Auna, and on January 8, 1997 Auna was placed in the temporary custody of her maternal aunt. On March 26, 1997, the parties agreed to a finding of dependency with respect to Auna, and the allegations of neglect were withdrawn. A hearing was set for October 7, 1997.
On October 7, 1997, the parties reached an agreement that appellee would be granted legal custody of Auna. At the hearing, appellant represented to the court that she would not exercise visitation rights and, therefore, the sole issue to be decided was the amount of support appellant would be required to provide Auna. Calculations contained in the record reveal that appellant is responsible for providing roughly thirteen percent of Auna's total support, while appellee is responsible for providing the remaining eighty-seven percent. Further, the magistrate calculated that appellant was obligated to provide Auna support in the amount of $59.48 per month. Upon consideration of the evidence presented and relying on the calculations provided, the trial court deviated downward from this calculation and ordered appellant to contribute $50 per month to Auna's support, or $600 annually.
Appellant now appeals this order citing a single assignment of error:
 THE TRIAL COURT ABUSED ITS DISCRETION IN AWARDING CHILD SUPPORT TO APPELLEE.
Initially, we note that trial courts are granted the discretion to fashion a child support award that is just, appropriate, and in the best interests of the child involved. See R.C. 3113.255. Consequently, child support determinations will not be overturned unless a trial court has abused its discretion or, in other words, unless the decision is unreasonable, arbitrary, and unconscionable. Previte v. Previte (1994), 99 Ohio App.3d 347,350-351, citing Blakemore v. Blakemore (1983), 5 Ohio St.3d 217.
The arguments underpinning appellant's assignment of error are vague, but essentially appellant contends that the trial court's award of child support is inequitable because the total amount of Social Security benefits Auna receives as a consequence of appellant being disabled ($1,500 annually) exceeds the amount of child support appellant is obligated to provide under Ohio's child support guidelines ($600 annually). Specifically, appellant contends that for the trial court "to impose an additional burden on [a]ppellant should be considered an abuse of discretion." On the other hand, appellee contends that the trial court did not abuse its discretion because it "accurately reviewed all of the appropriate case law" and "all the factors enumerated in R.C.3113.215 (B)(3)" to arrive at appellant's child support obligation. Based upon a careful review of the record, including the child support worksheet, we find appellant's contentions are without merit.
This court has previously held under the authority of McNeal v. Cofield (1992), 78 Ohio App.3d 35, that it is inappropriate to terminate child support obligations predicated upon the minor child's receipt of Social Security payments from the parent ordered to make support payments, "even if such Social Security payments exceed the amount of ordered child support." Dunn v. Taylor (Jan. 16, 1996), Butler App. No. CA95-04-062, unreported, at 7. Rather, "[t]he proper method is to deduct all or part of the Social Security benefits received on behalf of the child from the [total] guideline-determined necessary child support predicated upon the best interests of the child and equity to both parents." Id. (Citations omitted). In other words, the trial court should "subtract the amount of Social Security benefits received by or on behalf of the parties' minor child from the total guideline-determined necessary child support. The remaining child support need, if any, should then be allocated between the parents by percentages in the manner set forth in the guideline determinations." Id. at 8-9, (citations omitted).
The record contains both the child support worksheet as well as the magistrate's corrected calculations of appellant's child support obligation. The parties' basic combined annual child support obligation, controlled by R.C. 3113.215, was determined to be $7,006. The magistrate's worksheet then contains the following calculation:
 $7006 Parties' Combined Annual Support -$1500 Disability Benefits $5506 Parties' Adjusted Combined Annual Support x .13 % of Mother's Support Obligation $ 715 Mother's Actual Annual Support Obligation
Based upon the annual support obligation of $715, appellant's monthly child support obligation was therefore correctly calculated to be $59.58. The trial court then deviated from this figure, in appellant's favor, and ordered appellant to provide only $50 per month in support. Because the record contains unrebutted evidence that the trial court credited appellant the amount of Social Security benefits received by the minor child when it calculated her total annual child support obligation, and then deviated from this amount in appellant's favor, we find the trial court did not abuse its discretion in ordering appellant to pay child support to appellee. Accordingly, appellant's assignment of error is overruled.
Judgment affirmed.
WALSH and POWELL, JJ., concur.