## In re PRADE.

[Cite as *In re Prade* (1999), 135 Ohio App.3d 424.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 19409.

Decided Nov. 3, 1999.

*Michael T. Callahan,* Summit County Prosecuting Attorney, and *James D. Casey,* Assistant Prosecuting Attorney, for appellee.

*Kerry O'Brien,* for appellant.

WHITMORE, Judge.

Appellant Douglas Prade has appealed from the judgment of the Summit County Juvenile Court that (1) found appropriate an upward deviation from statutory child support guidelines, (2) declined to consider the deceased mother's

Social Security benefits, and (3) ordered Prade to pay effectively seventy-five percent of his income to his minor children as child support. This court affirms.

I

During April 1997, Dr. Margo Prade and Prade obtained a divorce in the Summit County Domestic Relations Court. As a result of the divorce decree, Dr. Prade received custody of the parties' two minor children. Prade was granted visitation and required to pay child support.

On November 26, 1997, Dr. Prade was murdered in the parking lot of her office building in Akron, Ohio. Almost three months later, Prade was arrested for the killing of Dr. Prade and charged with aggravated murder.

Thereafter, the Summit County Children Services Board ("CSB") moved the Summit County Juvenile Court to declare the children dependent and sought emergency orders for temporary custody and child support. Each of these motions was granted. Subsequently, the juvenile court awarded legal custody to Lilly Hendrix, the maternal grandmother of the children. CSB was granted protective supervision.

On September 2, 1998, the matter again came before the juvenile court for a status conference to establish an ongoing order of support for the children. Prade filed a brief with the juvenile court, arguing that the statutory child support guidelines were appropriate. The guardian *ad litem* and Hendrix both moved for an upward deviation of the child support guidelines.

On September 23, 1998, a jury in the Summit County Court of Common Pleas found Prade guilty of aggravated murder and other felonies. He was given a life sentence.

On November 18, 1998, the juvenile court found that the application of Ohio's Child Support Guidelines would be inappropriate and not in the best interests of the minor children. Instead, it ordered an upward deviation and required Prade to pay child support in the amount of $973.17 per month, per child. From this order, Prade has appealed, asserting two assignments of error.

II

A

For his first assignment of error, Prade argues:

"The juvenile court committed prejudicial error by not including Social Security survivor benefits when computing the upward deviation from the Child Support Guidelines."

Prade has argued that the juvenile court erred by ordering an upward deviation from Ohio's Child Support Guidelines without offsetting the Social Security survivor benefits awarded to each of the minor children as a result of Dr. Prade's death. This court disagrees.

The first issue this court is faced with is whether, under Ohio law, a court must consider Social Security survivor benefits received by minor children when deciding to deviate from Ohio's Child Support Guidelines.

■ The Ohio Child Support Guidelines are intended to be used by the courts when determining the appropriate level of child support. *Hurdelbrink v. Hurdelbrink* (1989), 45 Ohio App.3d 5, 5, 544 N.E.2d 700, 702. However, a court may deviate from these guidelines at its discretion, upon consideration of the statutory factors listed in R.C. 3113.215(B)(3), if it substantiates its decision by stating in its findings of fact the grounds for the deviation. *Hurdelbrink, id.*; R.C. 3113.215(B)(2). Absent an abuse of discretion, a trial court's determination will not be disturbed on appeal. *Pauly v. Pauly* (1997), 80 Ohio St.3d 386, 390, 686 N.E.2d 1108, 1111, citing *Booth v. Booth* (1989), 44 Ohio St.3d 142, 144, 541 N.E.2d 1028, 1030.

■ When making its determination, the juvenile court explicitly addressed the factors in R.C. 3113.215(B)(3) and made findings of fact buttressing its decision to deviate from the guidelines. Factors specifically included in its deliberations included the unusual and special needs of the children, the relative financial resources of Prade, the standard of living the children would have enjoyed had no divorce occurred, and the need and capacity for the children to receive an education. Nevertheless, Prade has asserted it was error not to consider the Social Security survivor benefits being paid to the minor children. This argument is without merit.

■ Ohio courts generally regard any governmental benefits paid to minor children due to disability or death as a "financial resource" of the children and have held that they must be considered by the trial court when deciding whether to deviate from the child support amount set forth in the guidelines. See *Carpenter v. Reis* (1996), 109 Ohio App.3d 499, 505, 672 N.E.2d 702, 706. Cf. *In re Mudrak* (Jan. 22, 1997), Belmont App. Nos. 94–B–32 and 94–B–38, unreported, 1997 WL 28557. This rule is not exclusive.

■ When Dr. Prade was killed, an application was made for Social Security survivor benefits. The children began receiving the benefits in early 1998 in the amount of approximately $25,300 per annum. As a practical matter, the underlying intent of the survivor benefits is to furnish support to the children that Dr. Prade, not Prade, is now unable to provide. See *McNeal v. Cofield* (1992), 78 Ohio App.3d 35, 40, 603 N.E.2d 436, 439. Indeed, " '[n]o indices of [Prade's]

ownership ever attach[ed] to these [payments].' " *Id.,* 78 Ohio App.3d at 39, 603 N.E.2d at 438, quoting *Fuller v. Fuller* (1976), 49 Ohio App.2d 223, 225, 3 O.O.3d 273, 275, 360 N.E.2d 357, 358. This money has and will continue to inure directly to the children. The best interests of the children require such a rule. *Id.*

Prade argues that if the payments belong to the children, the law requires that the benefits must be considered in the court's decision. He directs this court's attention to *Carpenter,* wherein the court held that the financial resources of the children must be considered when a court determines an award of child support. *Id.,* 109 Ohio App.3d at 506, 672 N.E.2d at 707. Although this is a correct statement of the law, it is not the sole factor to be considered. Courts must also consider the obligor's relative financial status and needs. See R.C. 3113.215(B)(3)(k). Unfortunately, Prade has not approached the situation from a reasonable standpoint, taking into consideration the needs and best interests of his children, which are this court's primary concern.

This court concludes that it would be unreasonable to permit Prade, as obligor, to receive a windfall and be relieved of a substantial amount of his child support obligation, which he would otherwise be required to pay, solely because the minor children are receiving Social Security survivor benefits due to the death of their mother. Further, Prade has been convicted of murdering Dr. Prade, and it would be unconscionable to allow him to off set his child support obligation with the survivor benefits his children are receiving, *i.e.,* receive a windfall, as a direct result of his criminal actions. See *In re Mudrak.* In light of these circumstances and all the factors presented by this case, the juvenile court's decision to deviate from the child support schedule and not to consider the children's Social Security survivor benefits was neither arbitrary nor unreasonable. This court concludes that the juvenile court's order is appropriate and just under the facts presented and that the exclusion of the Social Security survivor benefits was a proper exercise of the court's discretion. Therefore, Prade's first assignment of error is overruled.

## B

For his second assignment of error, Prade argues:

"The trial court committed prejudicial error by ordering [Prade] to pay a child support amount that is greater than permitted by statute."

Prade claims for his second assignment of error that the juvenile court's journal entry ordering him to pay approximately seventy-five percent of his after-tax income as child support is invalid in light of both the Ohio and federal garnishment laws. This court disagrees.

According to R.C. 3113.21(D)(1)(a), a wage withholding order shall not require an employer to withhold more of a person's earnings than are permitted to be withheld under the garnishment restriction of the Consumer Credit Protection Act, Section 1673(b), Title 15, U.S.Code. That Act "restricts garnishment for the enforcement of a support order to [only sixty percent] of the obligor's aggregate disposable earnings where the obligor is not supporting a spouse or dependent who is not subject to the support order." *Carter v. Carter* (Nov. 23, 1994), Montgomery App. Nos. 14409, 14530 and 14575, unreported, 1994 WL 660811; Section 1673(b)(2)(B), Title 15, U.S. Code.

■ Prade claims that the portion of his retirement benefits, which is not subject to garnishment, is likewise exempt from judicial order, and, thus, as a matter of law, his child support obligation cannot exceed the garnishment limits. His position is contrary to the law in this district.

This court held in *Zuckerman v. Zuckerman* (Oct. 7, 1987), Summit App. No. 13044, unreported, 1987 WL 18226, that while a federal limit has been placed upon how much may be deducted, *i.e.*, garnished, from each pay period, such a rule does not prevent Ohio courts from making support awards that exceed that limit. See, also, *Carter v. Carter, supra*; *Scott v. Hall* (1988), 61 Ohio App.3d 616, 618, 573 N.E.2d 718, 719; *Haase v. Haase* (1990), 64 Ohio App.3d 758, 767–768, 582 N.E.2d 1107, 1113 (holding that the amount garnished shall be limited to that allowed by statute, without disturbing the underlying amount of alimony ordered). Cf. *Hockenberry v. Hockenberry* (1992), 75 Ohio App.3d 806, 600 N.E.2d 839. Accordingly, only the amount *garnished* from Prade's pension checks are limited to the legal limits set forth in R.C. 3113.21(D)(1)(a) and Section 1673(b)(2)(B), Title 15, U.S.Code. Therefore, this court holds that the juvenile court did not err by ordering Prade to *pay* child support in an amount that exceeds the percentage of his disposable income subject to garnishment. The difference between the two amounts may be calculated and paid as arrearages.[1] Prade's second assignment of error is overruled.

### III

Prade's assignments of error are overruled. The judgment of the juvenile court is affirmed.

*Judgment affirmed.*

SLABY, P.J., and BATCHELDER, J., concur.

---

1. At that point, the amount that can be garnished will be become sixty-five percent instead of sixty percent. Section 1673(b)(2), Title 15, U.S.Code. In any event, the underlying order was not in error.