OPINION
Plaintiff-appellant, David P. Cervone, appeals from an order of the Mahoning County Common Pleas Court, Division of Domestic Relations, concerning a modification of child support.
The parties' marriage was terminated by judgment entry of divorce entered February 8, 1983. Originally, appellant was granted custody of the parties' only child, Charles Cervone, born on December 14, 1979.
Sometime in 1990, defendant-appellee, Elizabeth M. Cervone, became disabled, making her eligible for social security benefits. As a result of appellee's disability, the child began receiving separate derivative benefits in 1992.
In July 1992 appellee requested custody of the child. In September 1993 appellee was granted custody and appellant was ordered to pay child support of $20.00 per month. In November 1995 this amount was increased to $30.00 per month.
In October 1996 appellee filed a motion for modification of child support. On November 24, 1997, the magistrate filed a decision with findings of fact and conclusions of law. The magistrate prepared two child support calculation worksheets to determine appellant's child support obligation, the first covering the period from October 1996 through June 1997 when appellant was employed, and the second starting from June 1997 when appellant was receiving only unemployment compensation. On both of these worksheets, the magistrate attributed the child's social security derivative benefits to appellee's income only, citing to this court's previous decision in In re Mudrak (Jan. 22, 1997), Belmont App. No. 94-B-32, unreported, 1997 WL 28557.
The worksheets prepared by the magistrate determined the combined annual child support obligation that was due and apportioned that obligation between the parties. No reductions, credits, or offsets were made against either parties' portion of the combined annual child support obligation based on the child's receipt of separate social security derivative benefits.
Appellant filed objections to the magistrate's decision and the trial court ruled on those objections on April 10, 1998. The court recommitted one issue back to the magistrate unrelated to the social security benefits issue. The court's decision otherwise accepted the magistrate's decision in full, including the method used to calculate the child support obligations. This appeal followed.
Appellant alleges in his first assignment of error that:
 "THE TRIAL COURT ERRED, AS A MATTER OF LAW, BY DECIDING THAT SOCIAL SECURITY BENEFITS BELONGING TO A CHILD, SHOULD BE ADDED TO APPELLEE'S INCOME, FOR THE PURPOSE OF DETERMINING APPELLEE'S GROSS INCOME UNDER R.C. 3113.215."
Appellant alleges in his second assignment of error that:
 "THE TRIAL COURT ERRED, BY APPROVING THE MAGISTRATE'S METHOD OF CALCULATING CHILD SUPPORT OBLIGATION UNDER R.C. 3113.215 WHERE SUCH METHOD RESULTS IN EITHER A MONETARY GAIN TO APPELLEE, OR EFFECTIVELY RESULTS IN AN UPWARD DEVIATION FROM THE CHILD SUPPORT OBLIGATIONS, OR BOTH."
Both of appellant's assignments of error raise a common issue — how to account for a child's social security derivative benefits in calculating child support according to the guidelines set forth in R.C. 3113.215. Therefore, they will be discussed together.
Appellant argues that the child's social security derivative benefits should not have been included in the determination of appellee's gross income. Appellant argues that the benefit inures directly to the child and that no indices of appellee's ownership ever attach to these funds. Appellant argues that the benefits should be deducted from the combined annual child support obligation and any remaining child support obligation should be allocated to each parent according to the percentage or portion they're responsible for, citing McNeal v. Cofield (1992), 78 Ohio App.3d 35.
The magistrate relied solely on this court's decision in In reMudrak (Jan. 22, 1997), Belmont App. No. 94-B-32, unreported, 1997 WL 28557, in adding the child's social security derivative benefits to appellee's income in making the guideline determination of child support. The magistrate stated:
 "In the recent case of [Mudrak], the Seventh District Court of Appeals had occasion to review a number of previous decisions addressing the treatment of Social Security Derivative benefits received by a minor child as a result of a parent's disability. In Mudrak, the Mother had died and the children were placed in the care of her parents. The Grandparents had received social security derivative benefits for the child in the amount of $44,044.00 [sic], which amount exceeded the [sic] guidelines computed support for the Father of $3,432.00. The Father sought a dollar for dollar credit against this obligation which would result in his having no support obligation at all. The Court rejected his argument concluding that to do so would result in a windfall for the Father as a result of the death of the Mother. The Court further noted that this could hardly be considered to be in the best interests of the child. The Court determined that the social security benefits received, on behalf of the child should be added to the Appellant's (in this case the Father's) annual salary to arrive [sic] an annual child support figure. Then the relative percentages should be applied to arrive at the annual obligation. The Opinion gave no rationale for including the child's benefits in the Obligor-Father's, as opposed to Obligee-Grandparents' income for Worksheet purposes, and this Court could conceive of none. In checking with the Clerk of the Court of appeals [sic], it was discovered that the reference to the Appellant's income was an error in transcription since the original trial court's decision that was being affirmed had added the income to the Obligee-Grandparent's Income.[1] This Court agrees that logic and common sense dictate that the derivative benefits received as a result of the obligee's death or disability should clearly be added to the Obligee's income and that is how it will be applied here. Thus, the $7,440.00 per year the Mother receives for the child will be added to her income for Worksheet purposes." November 24, 1997 Magistrate's Decision, pp. 6-7, paragraph 13.
In its decision on appellant's objections to the magistrate's decision, the trial court stated:
 "The Magistrate, inter alia, concluded that the Social Security benefits received by Defendant on behalf of the parties' child should be added to Defendant's income for the purposes of calculating the parties' respective child support obligations. Furthermore, the Magistrate concluded that Plaintiff should not be credited with the Social Security benefits received by the child — in other words, that Plaintiff's child support obligation should not be `set off' by the amount of Social Security benefits received by the child.
 "Plaintiff objects to the failure of the Magistrate to give him credit for the amount of Social Security benefits received by his son, and to the Magistrate's application of said Social Security benefits in the calculation of Plaintiff's child support obligation (see `Plaintiff's Appeal/Objection,' paragraphs 4 and 5). The Court finds these objections to be without merit.
 "Where the Ohio Supreme Court is silent, this Court is bound by the decisions of the Seventh District Court of Appeals. As the Magistrate noted in his Decision, the Seventh District Court of Appeals has `had occasion to review a number of previous decisions addressing the treatment of Social Security [d]erivative benefits received by a minor child as a result of a parent's disability.' In the case of In re Mudrak
the Court of appeals expressed that, for purposes of determining support, the Social Security benefits should be added to the income of the parent whose disability had occasioned the derivative benefits to the child. Then, after an annual support figure is reached, the relative percentages should be applied to arrive at the annual child support obligations. The Court specifically disagreed with the position that Social Security benefits should be deducted from the final support amount before the relative percentages are applied to yield a final child support figure. Furthermore, the Court of Appeals specifically refused to credit the father with the Social Security payments because it was not his disability or death that caused the payments.
 "In accordance with Mudrak, therefore, this Court will affirm the Decision of the Magistrate with regard to the application of Social Security derivative benefits for the purpose of determining child support. Plaintiff's Objections regarding the Social Security payments (see `Plaintiff's Appeal/Objection,' Paragraphs 4 and 5) are hereby overruled." (Footnotes omitted.) April 10, 1998 Judgment Entry ruling on appellant's objections to the Decision of the Magistrate dated November 24, 1997, pp. 1-3, paragraph 1.
This court has addressed the issue of what affect social security derivative benefits should have on the determination of child support in two previous unreported cases, In re Mudrak
(Jan. 22, 1997), Belmont App. No. 94-B-32, unreported, 1997 WL 28557, cited by the trial court, and Stephenson v. Stephenson
(Mar. 18, 1996), Mahoning App. No. 94 C.A. 67, unreported, 1996 WL 133000. Each of those decisions reviewed McNeal v. Cofield
(1992), 78 Ohio App.3d 35 and Pride v. Nolan (1987), 31 Ohio App.3d 261
. McNeal and Pride represent the two primary lines of cases dealing with issue, each taking a different approach.
In Pride, the parties were divorced in 1966 and the father was ordered to pay child support. The father lost his job in 1975 and thereafter failed to pay support. In 1978 the father suffered a heart attack which left him permanently disabled. As a result, he and his children each received social security benefits. The children became emancipated in 1980 and 1984, respectively.
In 1985, the mother filed a motion to reduce a support arrearage which had accrued to a lump sum judgment. The trial court awarded the mother a lump sum judgment of $5,704.80, the total arrearage of $12,415.00 less $4,725.20 the children received in social security benefits due to the father's disability and $1,985.00 in support payments which the father had made after 1975.
On appeal, the mother argued that the trial court had erred in reducing the arrearage by $4,725.20, the amount of the social security payments made to the children. The Pride court characterized social security payments as "a substitute for the disabled parent's earnings" and not as "gratuities from the federal government." Pride, supra, 263. Affirming the decision of the trial court, the Pride court then held "that social security payments received on behalf of a minor child as a result of a parent's disability may be credited toward that parent's support obligation commencing at such time as the benefit is received and not exceeding the monthly support obligation set forth in the decree of divorce." Pride, supra, at 263.
McNeal began as a paternity action in 1981. The father was ordered to pay child support. Subsequently, in 1989, the mother filed a motion for an increase in the child support payments, which the trial court granted. In 1991, the father filed a motion seeking an order terminating child support based upon the minor child's receipt of social security benefits.
As result of the father's retirement, the child was receiving social security benefits of $280.00 per month. Under the most recent court order, the father's child support obligation was $245.94 per month. Accordingly, the trial court granted the father's motion to terminate child support.
On appeal, the parties entered certain stipulations. The father's gross income was $25,164.00 a year from retirement benefits. The father's gross income did not include the $280.00 in social security derivative benefits received by the parties' child. The mother's gross income was $32,000.00 per year. Under the Child Support Guidelines set forth in R.C. 3113.215, the combined annual child support obligation was $7,200.00 ($600.00 per month).
The McNeal court held that "the guideline determination of necessary support remains unaffected by the fact of receipt by the child of Social Security benefits." McNeal, supra, at 39.
The court went on to explain that:
 "The proper method is to deduct all or part of the Social Security benefits received on behalf of the child from the guideline-determined necessary child support predicated upon the best interests of the child and equity to both parents. If it be determined that the entire amount of Social Security benefits should be deducted from child support, the $600 per month guideline-determined child support need would be reduced by the amount of the Social Security payments, so that the remaining $320 per month need would be allocated between the parents in the manner set forth in the guideline determinations, and forty-four percent of that amount, or $140.80 per month, would be [the father's] reduced child support obligation." Id.
In Stephenson v. Stephenson (Mar. 18, 1996), Mahoning App. No. 94 C.A. 67, unreported, 1996 WL 133000, the parties were divorced in 1986 and the father was granted custody of the parties' three children. Originally, the father was to be solely responsible for the financial support of the children. However, in 1990, the trial court ordered the mother to pay $33.33 per child, bi-monthly, in child support.
In 1993, the father filed a motion to increase the wife's child support obligation. The matter was heard by a referee who subsequently filed a report. The father's total annual gross income consisted of social security disability benefits which amounted to $9,024.00. The mother's total annual gross income was $16,029.00. The father was receiving $297.00 per month ($3,564.00 annually) for all three children as a social security derivative benefit.
Pursuant to the Child Support Guidelines set forth in R.C.3113.215, the combined annual child support obligation was $7,917.00. However, the referee found that since the social security derivative benefit was intended as child support, it was appropriate to reduce the total annual child support obligation. Accordingly, the referee deducted the $3,564.00 in social security derivative benefits from the total annual child support obligation and arrived at a new combined child support obligation of $4,353.00. The father was found to be responsible for 36 percent of this obligation, amounting to $1,567.00, and the mother was found to be responsible for 64 percent of the obligation, amounting to $2,786.00.
On appeal, the Stephenson court examined the approaches taken by Pride and McNeal. The court adopted the Pride analysis and went on to reverse the trial court and held "that social security derivative payments received on behalf of a minor child as a result of a parent's disability should be credited towards that parent's support obligation, commencing at such time as the benefit is received and not exceeding the monthly support obligation as required by the guidelines." Id. at *3.
This court revisited the issue again in In re Mudrak (Jan. 22, 1997), Belmont App. No. 94-B-32, unreported, 1997 WL 28557.Mudrak involved a mother and father who were married with two children. In 1983, the mother died and the children were placed in the care and custody of the maternal grandparents and the father was ordered to pay child support.
In 1994, the father filed a motion to modify his child support payments. The parties stipulated that the father's total annual gross income was $17,680.00 and that, as a result of the mother's death, the grandparents received annual social security benefits amounting to $4,044.00 for the one child who remained unemancipated.
The father presented the combined annual child support obligation as $3,432.00. The father's argument before the trial judge was that he should receive a dollar for dollar credit against his child support payments for the social security benefits received by the grandparents on behalf of his child resulting in a zero obligation after the credit was made.
The trial court rejected the father's argument of a dollar for dollar credit. The trial court found the social security benefits to be income which should be added to the father's annual income to arrive at the combined annual child support obligation of $3,321.00 under the child support guidelines.
On appeal, this court affirmed. The Mudrak majority relied in part on this court's previous decision in Stephenson, supra. For unknown reasons, the Mudrak majority thought that the referee inStephenson had added the social security benefits received by the father on behalf of his children to the mother's income and that, on appeal, this court had sanctioned that approach.[2] InStephenson, the referee did not add the social security benefits received by the father on behalf of his children to the mother's income. The referee, following the McNeal approach, deducted the social security derivative benefits from the total combined annual child support obligation rather than deducting the benefits just from the father's percentage or portion of the total combined annual child support obligation. In Stephenson, this court rejected the McNeal approach and adopted the method utilized in Pride. Stephenson found that since the social security derivative benefits were received as a result of the father's disability, he, and only he, should be given a credit for the benefits against his percentage or portion of the total combined annual child support obligation.
In addition to relying on Stephenson, the Mudrak majority also re-examined the McNeal and Pride decisions. The majority viewedMcNeal as holding that social security derivative benefits "should be added to the obligor's income to arrive at an annual income for purposes of determining support."[3] Mudrak, supra, at *5. This was not the holding of McNeal. McNeal held that the benefits should be deducted from the combined annual child support obligation and then, to that amount, applied each parties' percentage obligation. McNeal, supra, at 39. In contrast, the import of McNeal is that the benefits should not be added to either parties' income.[4] Id.
Based on its interpretation of Pride, the Mudrak majority went on to hold that social security payments received by the grandparents on behalf of the minor child should be added to the father's annual salary to arrive at an annual child support figure.[5] Again, as with Stephenson and McNeal, Pride did not
hold that the benefits should be added to either parties' income, let alone to the party who did not cause the benefits to be issued.
In summary, the Mudrak majority misinterpreted the import ofMcNeal and Pride, and this court's previous decision inStephenson. None of these decisions held that social security derivative benefits should be added to the income of the parents in making the guideline determination of support. McNeal held that the benefits should be deducted from the combined annual child support obligation and then, to that amount, applied each parties' percentage obligation. McNeal, supra, at 39. Pride held that the benefits should be deducted, not from the combined annual child support obligation, but from the portion of the combined annual child support obligation attributed to the parent whose disability occasioned the issuance of the benefits.Pride, supra, 263. In Stephenson, this court adopted the position taken by Pride. Stephenson, supra, at *3
For purposes of clarification, we hold that social security derivative payments received on behalf of a minor child as a result of a parent's disability should not be added to the income of either parent in making the guideline determination of support. Furthermore, we reiterate our holding in Stephenson that social security derivative payments received on behalf of a minor child as a result of a parent's disability should be credited towards that parent's support obligation, commencing at such time as the benefit is received and not exceeding the monthly support obligation as required by the guidelines.
Applying the foregoing principles to the case now before us, we find that the trial court erred by including the social security derivative benefits received on behalf of the child as a result of appellee's disability to appellee's income in making the guideline determination of support. Therefore, appellant's first assignment of error has merit.
Under appellant's second assignment of error, he argues that the trial court erred by not following the McNeal approach. Since we have expressly disapproved of that approach, appellant's second assignment is without merit. Furthermore, in reviewing the child support calculation worksheets prepared by the trial court, it is apparent that the court did not apply either the McNeal
approach or the Pride approach, as approved by this court inStephenson. Applying Stephenson, the court should have credited the social security derivative benefits received on behalf of the child as a result of appellee's disability towards appellee's support obligation. However, since the court designated appellant as the obligor, the omission is harmless.
The decision of the trial court is hereby reversed and this matter is remanded to the trial court for further proceedings according to law and consistent with this court's opinion. Specifically, on remand, the trial court shall recalculate the guideline determination of child support without including the child's social security derivative benefits in appellee's income.
COX, J., concurs.
VUKOVICH, J., concurs.
APPROVED:
 ___________________________________ GENE DONOFRIO Judge
[1] The magistrate's and trial court's reliance on this interpretation by the "Clerk of the Court of appeals" is perplexing given the well recognized rule that a court speaks only through its journal entry and not by oral pronouncement.Schenley v. Kauth (1953), 160 Ohio St. 109, syllabus.
[2] The Mudrak majority interpreted the calculation made inStephenson as follows:
 "In calculating the support owed, the referee added the social security benefits received by [the father] on behalf of his children to [the mother's] income and arrived at a total annual support figure of $7,917.00. The referee then deducted the social security benefits of $297.00 per month from the total support figure. The result was an annual support figure of $4,353.00."
[3] The Mudrak majority stated:
 "We agree in part with the [McNeal] court that the social security benefits should be added to the obligor's income to arrive at an annual income for purposes of determining support. Where we differ with the [McNeal] reasoning is in calculating the total support to be paid. The [McNeal] court took the position that the social security benefits should be deducted from the final support amount and to this figure the relative percentages would be applied to yield a final child support figure. We find that application of that method to the facts of this case would not be in the best interest of the child.
[4] McNeal commented that "the guideline determination of necessary child support remains unaffected by the fact of receipt by the child of Social Security benefits." McNeal, supra, at 39.
[5] The Mudrak majority stated:
 "Following our decision in Pride, supra, we hold that the social security payments received by the [grandparents] on behalf of the minor child should be added to [the father's] annual salary to arrive at an annual child support figure. Then the relative percentages should be applied to arrive at [the father's] annual obligation of $3,321.00. As [the father] is not the parent, in this case, whose disability occasioned the social security award to [the child], his child support cannot be credited with the social security payments."