OPINION
Defendant-appellant, Brad Noble, appeals an order of the Butler County Court of Common Pleas, Domestic Relations Division, requiring him to pay plaintiff-appellee, Kathy Jo Noble, child support for the benefit of their natural child, Alexis Nichole Noble. Appellant contends that the magistrate miscalculated the amount of child support which he is obligated to provide.
We disagree.
The parties were married on June 18, 1994 and their daughter, Alexis, was born the following March. On September 20, 1996, appellee filed a complaint for divorce against appellant. The trial was set for July 10, 1997, but due to several continuances, was pushed back to September 17, 1997.
On September 17, 1997, following extensive negotiations, the parties entered into a Shared Parenting Agreement (SPA). Our review of the record reveals that the SPA was signed by both parties and their attorneys and all provisions of the SPA were incorporated into the final decree of divorce by the trial court by reference. The parties agreed to a fifty/fifty shared custody arrangement for Alexis, and, according to calculations agreed upon by the parties, appellant's child support obligation was determined to be $277 per pay period, plus poundage. In consideration of the "amount of time the minor child will reside with the father," the trial court deviated fifty percent from guideline support and reduced appellant's child support obligation to $150 per pay period, plus poundage.
On October 6, 1997, appellant filed a motion to determine proper child support with the court. Specifically, appellant contended that due to certain misinformation the trial court had miscalculated the amount of child support appellant was obligated to pay. The matter was set for hearing on December 8, 1997, however due to several continuances, the matter was not heard until February 27, 1998.
At the February 27 hearing, both parties provided the magistrate with the relative income and child and health care expense information. Based upon the information given, the magistrate recalculated appellant's child support obligation. Appellant's child support obligation was determined to be $201 per pay period, plus poundage. Using the same deviation percentage utilized by the trial court at the initial hearing, the magistrate reduced appellant's child support obligation and ordered appellant to provide $110 per pay period, plus poundage in child support. The magistrate filed his decision and judgment reflecting this determination on March 4, 1998.
On March 10, 1998, appellant filed an objection to the magistrate's decision. In his objection, appellant stated that he was "in agreement with the figures used in determining child support," but contended that "[w]hen using the same figures in proceeding to calculate child support according to the computed guidelines, the resulting amount is substantially lower." Attached to his objection, appellant provided a child support computation worksheet that contained figures substantially different from those provided to and used by the magistrate in determining appellant's child support obligation. One such difference included an unexplained several thousand dollar adjustment in appellant's favor that resulted in a dramatic reduction of his total child support obligation. From this court's review of the record and the briefs submitted, it appears that this adjustment was presented to the court at the hearing, but rejected.[1]
A hearing on appellant's objection to the magistrate's decision was held on June 9, 1998. On June 11, 1998, the trial court filed an entry affirming the magistrate's decision without opinion or explanation. Appellant now appeals raising a single assignment of error:
 THE TRIAL COURT ERRED IN ITS AFFIRMING [SIC] OF THE MAGISTRATE'S DECISION AND THE DETERMINATION OF THE PROPER CHILD SUPPORT.
We note at the outset that trial courts are granted the discretion to fashion child support awards that are just, appropriate, and in the best interests of the child involved. R.C. 3113.255. Consequently, child support determinations will not be overturned unless a trial court has abused its discretion, or in other words, unless the decision is unreasonable, arbitrary, and unconscionable. Previte v. Previte (1994), 99 Ohio App.3d 347, 350-351, citing Blakemore v. Blakemore (1983), 5 Ohio St.3d 217.
The argument underpinning appellant's assignment of error is extremely vague, however it appears that appellant is arguing that the magistrate erred when he failed to allow the several thousand dollar adjustment to appellant's child support obligation. Appellant further argues that the trial court erred when it subsequently adopted the magistrate's determination.
We have diligently reviewed the transcript provided by appellant and the trial court's original papers, including the child support computation worksheet formulated on the date of the hearing and the magistrate's decision and judgment. We find no abuse of discretion. All calculations appear to be correct and accurate. At the hearing, the magistrate explained the less than fifty/fifty split in child care expenses between the parties by stating that "the percentages are different because her income is lesser." Pursuant to R.C. 3113.255, we find such a split is just, equitable, and certainly within a court's discretion.
Upon review of the magistrate's decision and judgment entry, we do note a single ministerial error, however we find it to be de minimus and not prejudicial to appellant. According to the child support computation worksheet, appellant's annual child support obligation, after the deduction of child care expenses and health insurance, amounted to $5,223. However in his judgment entry, the magistrate stated that the annual "[c]hild support according to the guidelines would be $5,248.95 after daycare and health insurance costs are credited." This $25.95 discrepancy between the two figures appears to be purely clerical, and certainly de minimus. Furthermore, this discrepancy was not carried throughout the remainder of the magistrate's child support calculations.
As for appellant's contention that the magistrate should have credited him with a several thousand dollar adjustment in his child support obligation, upon thorough review of the record before us, we find the transcript and original papers filed with the trial court devoid of any evidence explaining, advocating, or justifying such an adjustment. Such adjustment was obviously rejected by the magistrate in his final calculations, and given the silence of the record before this court, we are not prepared to hold that the magistrate abused his discretion in doing so.
Accordingly, we find that the magistrate ultimately arrived at the proper child support obligation. His calculations are both correct and accurate. Furthermore, we find that the trial court did not err or abuse its discretion in adopting the magistrate's findings. Appellant's assignment of error is overruled.
Judgment affirmed.
KOEHLER and POWELL, JJ., concur.
[1] While this court has been provided with a segment of that hearing's transcript and the court's original papers, upon review we note that appellant has failed to provide this court with any further information addressing this proposed adjustment, or the reasoning for the magistrate's rejection of it.