DECISION
{¶ 1} Defendants-appellants, Tafesse Denu, Tigist Denu, and Abaysolom, Inc., appeal from the September 8, 2003 judgment entry of the Franklin County Court of Common Pleas entering judgment for plaintiff-appellee, Baye Abetew, avoiding the transfer by defendants-appellants of real estate and inventory located at 1535 East Livingston Avenue, and entitling plaintiff-appellee to recover from defendants-appellants, jointly and severally, the market value of such real estate and inventory. For the reasons that follow, we reverse and remand
 {¶ 2} The assets that are the subject matter of the present case are a convenience store (Brother's Drive Thru), its underlying real estate (1535 East Livingston Avenue), and the accompanying liquor license. Appellee sought a declaration that certain transfers of property from appellants Tafesse Denu to his wife, Tigist Denu, and Abaysolom, Inc., were fraudulent as to appellee, a creditor.
 {¶ 3} In a jury-waived trial before a magistrate, the magistrate determined that the transfers in question were fraudulent. The magistrate further determined that plaintiff-appellee could not claim an interest in the liquor license, as it no longer existed. (Magistrate Decision, 5-6.) The magistrate concluded that: "[a]s to the land, Plaintiff can still proceed against Mr. Denu's [Tafesse Denu's] one-half interest." With regard to the equipment, "[p]laintiff can attempt to recover either through his after acquired interest of the lien holders or by unwinding the fraudulent transfer in this case of Mr. Denu's interest." Because the magistrate questioned the credibility of Tafesse Denu with respect to the value of the assets, he determined that appellee "should be entitled to seek recovery against the real estate and inventory in question and let the market determine the true value of the assets." Accordingly, the magistrate found for plaintiff-appellee against defendants-appellants on the issue of the fraudulent transfer and for a declaratory judgment to that effect. The magistrate ordered counsel for appellee to prepare and submit an appropriate judgment entry to the assigned judge after the anticipated objection process.
 {¶ 4} No one objected to the magistrate's decision. Appellee's counsel prepared a judgment entry for the common pleas court, and submitted the entry to counsel for appellants. After appellee's counsel did not receive a response from appellants, counsel submitted the entry and, on September 8, 2003, the trial court signed the judgment entry.
 {¶ 5} The "ENTRY AVOIDING TRANSFERS, ETC.," provided as follows:
This matter came on for consideration upon the Magistrate's Decision on the Merits Following Jury-Waived Trial ("Decision") rendered and filed by Magistrate Paddock on July 15, 2003. Based on the Decision, and lack of objection or appeal thereto, the Court finds that judgment is entered for the Plaintiff, Baye Abetew, against the Defendants, Tafesse Denu, Tigist Denu, and Abaysolom, Inc., avoiding the transfer by the Defendants of the real estate and inventory located at 1535 East Livingston Ave., Columbus, Ohio, the property which was the subject of this lawsuit. Said Plaintiff is entitled to recover from said Defendants, jointly and severally, the market value of such real estate and inventory. There is no just cause for delay.
 {¶ 6} This appeal followed based on alleged discrepancies between the judgment entry and the magistrate's decision. On appeal, appellants have assigned as error the following:
The Trial Court erred in entering the September 8, 2003 `Entry Avoiding Transfers, ETC' in that said Judgment Entry purports to adopts the July 15, 2003 decision of the Magistrate but is actually inconsistent with the Magistrate's Decision in that the Judgment Entry appears to award a monetary judgment against the Appellants when the Magistrate made no such award.
 {¶ 7} Appellants contend that the September 8, 2003 judgment entry grants appellees a remedy that was never provided for in the magistrate's decision, to wit: a personal money judgment against defendants-appellants. Appellants argue the trial court intended to adopt the magistrate's decision as written, but may have erred, albeit unknowingly, in using the language provided by appellee and entering judgment in a manner inconsistent with the magistrate's decision.
 {¶ 8} At the outset we note that no party objected to the magistrate's decision. Nevertheless, the trial court must review the magistrate's report to determine if any errors of law exist, regardless of whether any party objects. State ex rel. LaMar v.Stabile (1993), 90 Ohio App.3d 54, 56. A failure to file objections to a magistrate's decision does not preclude appellant from raising errors of law on appeal. Cox v. Lemonds (1995),107 Ohio App.3d 442, 446.
 {¶ 9} Civ.R. 53(E)(4)(a) provides in pertinent part that: "The court may adopt the magistrate's decision if no written objections are filed unless it determines that there is an error of law or other defect on the face of the magistrate's decision." (Emphasis added.) Here, it appears that the trial court did more than adopt the magistrate's decision by entering judgment for appellee against appellants jointly and severally. We read the magistrate's decision as granting a declaratory judgment in favor of appellee on the issue of fraudulent transfer and indicating that appellee is entitled to proceed against the real estate and inventory in question and let the market determine the value of the assets. The trial court's judgment entry goes farther in that it appears to grant a personal money judgment against appellants subject to a determination of the market value.
 {¶ 10} It appears as though the trial court signed the judgment entry prepared and submitted by counsel for appellee and not disapproved by appellants' counsel. While not error per se, based on our review of the record and the arguments of counsel we believe the trial court may have inadvertently entered judgment in a manner inconsistent with the magistrate's decision due to the manner in which the judgment entry was drafted by appellee's counsel. Therefore, in an abundance of caution, we remand the matter to the trial court for the purpose of reviewing the magistrate's decision for any errors of law or facial defects and entering judgment accordingly. The assignment of error is sustained, and the judgment of the common pleas court is reversed and remanded for further proceedings consistent with this decision.
Judgment reversed and remanded.
Petree and Klatt, JJ., concur.